# Marks & Gayle *v.* Wood.

133   533
o133  546
133   533
f138  464

### Statutory Trial of the Right to Property.

1. *Executions.; statute requiring itemized statement of bill of costs applicable to alias and pluries writ.*—The statute requiring that executions shall contain an itemized statement of the bill of costs (Code, § 1883), applies to *alias* and *pluries* writs of execution, as well as original executions; and all executions without such itemized statement of the bill of costs are illegal and void.

2. *Same; when items of cost insufficient.*—The statement of costs attached to an execution as follows: "Clerk's fees, * * *; fees on former *fi. fa.,* $5.75; * * *; Sheriff's fees, * * *; fees on former *fi. fa.,* $2.05," is not the statement of the several items composing the bill of costs as required by the statute (Code, § 1883); and an execution to which such statement is attached is illegal and void, and the levy of such execution is likewise void.

APPEAL from the Circuit Court of Lowndes.
Tried before the Hon. J. C. RICHARDSON.

In August, 1897, Marks & Gayle, a partnership, recovered a judgment against one G. T. Wood in the circuit court of Lowndes county. Upon this judgment an execution was issued on September 10, and was returned "no property found." In April, 1899, an *alias* execution was issued upon said judgment and in August, 1899, it was returned "no property found." On October 30, 1899, a *pluries* execution was issued upon said judgment. This execution was levied upon certain personal property on November 1, 1899. On November 3, 1899, the appellee, Clemen Wood, made an affidavite claiming the property levied upon as hers and gave bond as required by law. Thereupon a suit was instituted for the trial of the right to the property levied upon between the plaintiffs in execution and the claimant. Upon the trial of the claim suit thus instituted, the plaintiffs in execution introduced in evidence a judgment rendered in their favor against G. T. Wood and the original and *alias* executions issued upon said judgment and which were returned into court "no property found." Upon plaintiffs offering to introduced in evidence the *pluries* execution under which the levy was made upon the property in controversy, the claimant objected to the introduction of such execution upon the following grounds: 1. Said execution was void on its face. 2. Said execution failed to set forth the itemized statement of the several items composing the bill of costs named therein. 3. Said execution contained as a part of the bill of costs under the head of clerk's fees, the statement "Fees on former *fi. fa.* $5.75," and failed to set out the items composing said fees on the former *fi. fa.* 4. Because said execution contained as a part of the bill of costs under the head of sheriff's fees, the statement "Fees on former *fi. fa.* $2.05," and failed to set out the items composing such fees on the former *fi. fa.* The court sustained the claimant's objection and refused to allow plaintiff to introduced in evidence said *pluries* execution. To this ruling of the court the plaintiff duly excepted. The statement of the costs attached to the execution is sufficiently stated in the opinion.

The plaintiffs then introduced in evidence the affidavit and claim bond made and given by the claimant, and introduced testimony showing separately the value of the articles of property levied on under the execution, and that said property was found in the possession of G. T. Wood. The claimant introduced no evidence.

The plaintiffs requested the court to give to the jury the general affirmative charge in their behalf, and duly excepted to the court's refusal to give such charge as asked. The court, at the request of the claimant, gave the general affirmative charge in her favor, and to the giving of this charge the plaintiffs duly excepted.

There were verdict and judgment for the claimant. The plaintiffs appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

A. D. PITTS and C. W. WHITTEN, for appellant, cited *Brainard v. Harrison*, 53 Ala. 362; *Maxwell v. Pounds*, 116 Ala. 551; *Nordlinger v. Gordon*, 72 Ala. 239; 8 Ency. Pl. & Pr., 432.

POWELL & MIDDLETON, *contra*, cited *Nordlinger v. Gordon*, 72 Ala. 239; *Jackson v. Bain*, 74 Ala. 328; *Taliaferro v. Lane*, 23 Ala. 369; *Schmagel v. Whitehurst*, 103 Ala. 262; *Maxwell v. Pounds*, 116 Ala. 551; Code of 1896, § 1883.

McCLELLAN, C. J.—Section 1364 of the Code provides that clerks of courts and sheriffs must keep fee books, and that each such officer "must enter therein, in the form of a regular account opened for that purpose, every fee charged by him for every distinct service rendered by him." Section 1365 provides that "no clerk, register or sheriff shall demand or receive a fee for any service by him performed not justified by a charge entered in his fee book." And section 1883 is as follows: "At the foot, or on some part of the execution, the clerk must state, in intelligible words and figures, the several items composing the bill of costs; and without such copy of the bill of costs, the execution

is illegal, and shall not be levied." There is no warrant in this language, and no reason outside of it for saying .that this section applies to original executions only and not to *alias* and *pluries* writs: It applies alike to all executions issued by the clerk of the circuit court. Looking alone to the letter of this section, it would seem to be fairly certain that it requires the charge for each act of service performed by the clerk and sheriff,. etc., to be separately stated on the execution, but any doubt that might be supposed to exist as to this is dissipated when its requirement that the statement on the execution shall be *a copy of the bill of costs* is considered along with the requirement of section 1364 *supra* that on the bill of costs shall be entered *every fee* charged by the officer for every distinct service rendered by him. Now it is clear, and not questioned by counsel in this case, that with reference to the issuance and return of an execution both the sheriff and the clerk perform several acts of distinct service for each of which a fee is allowed by law and required by section 1364 to be separately entered on their respective bills of costs in their fee books, and that there is no one act of service on the part of the clerk in that connection which can amount to the sum of $5.75, nor any one act of service on the part of the sheriff for which a fee of $2.05 is allowed. The execution issued in this case on the 30th day of October, 1899, and levied on the property involved in the claim of Clemen Wood, was the second or third to issue; the other or others having been returned "no property." In the statement of the costs attached to this execution are the following entries: "Clerk's Fees * * * Fees on former fi. fa. $5.75. * * * Sheriff's Fees * * * Fees on former fi. fa. $2.05." Each of these statements is in form an *"omnium gatherum,"* and accurately so. Each is in fact a lump statement of the aggregation of the fees allowed for several distinct acts of service rendered by the respective officers. Neither of them is a copy of the bill of costs in reference to said service, and neither of them is. a statement "of the several items composing the bill of costs." By the very letter of section 1883, therefore, the execution

of October 30th, 1899, was illegal, and by that section its levy was and is unequivocally and mandatorily interdicted and forbidden. It was void upon every elementary principle obtaining in the premises. The levy was void. The court properly excluded this waste paper from the evidence. The burden being upon the plaintiffs on the issue made on Clemen Wood's claim to show a valid execution and a valid levy on property in the possession of defendant in execution, and they having failed to carry this burden, the circuit court proprly gave the affirmative charge for the claimant.

Affirmed.