# Stephens *v.* Head.

*Action against Sheriff for Wrongful Levy of Execution.*

1. *Action against sheriff for wrongful levy of execution; sufficiency of plea.*—In an action against a sheriff to recover damages for the wrongful levy of an execution, a plea which seeks to set up an estoppel on the part of the plaintiff by reason of his failure to give notice of his claim to the goods seized by the defendant as sheriff under the levy of an execution issued upon the judgment rendered against another party, but which fails to show that such sheriff held an execution against such party issued upon the judgment rendered against him in said former suit, is insufficient and subject to demurrer.

2. *Execution; insufficient without itemizing witness' fees.*—Where, in a statement of costs attached to or endorsed upon an execution, witness fees are stated in the aggregate sum without any itemization of the fees composing such sum, such execution is, under the statute, (Code, § 1833), void.

3. *Action against sheriff for wrongful levy of execution; void writ not admissible in evidence.*—In an action against a sheriff to

recover damages for the wrongful levy of an execution, where the execution under which the defendant seeks to justify his seizure of the property is void, such execution is not admissible in evidence, and is ineffectual to justify a seizure of the goods.

4. *Same; same; primary and secondary evidence.*—In an action against a sheriff to recover damages for the wrongful levy of an execution, it is not competent to ask the defendant as to whether he took possession of the goods under a writ of execution; since such evidence calls for secondary evidence of the writ which should be proved by the introduction of the paper itself.

5. *Same; admissibility of evidence.*—In an action against a sheriff to recover damages for the alleged wrongful levy of an execution, it is incompetent to prove the motives which prompted the plaintiff in bringing such suit; and, therefore, any statement made by the plaintiff as to why he brought such suit, is immaterial in evidence.

6. *Same; admissibility of notes and contract in evidence.*—In an action against a sheriff to recover damages for the wrongful levy of an execution, where the plaintiff bases his claim to the property levied upon under a contract of sale to the defendant in execution, whereby such defendant in execution agreed to pay certain notes due from the plaintiff to a third party and which were secured by a mortgage, the contract between the plaintiff and the defendant in execution and the notes are admissible in evidence as showing the plaintiff's title and his right of possession to the goods.

7. *Sheriff; act of deputy is act of sheriff.*—The act of a deputy sheriff in levying a writ of execution upon property, is the act of the sheriff himself; and where the sheriff ratifies such levy by taking possesion of the property and selling the goods under the writ, he can not set up as a defense that the levy was made by his deputy.

APPEAL from the Circuit Court of Cleburne.

Tried before the Hon. JOHN PELHAM.

This was an action brought by the appellee, John D. Head, against the appellant, W. A. Stephens. The complaint contained two counts.

The first count was in trover and sought to recover damages for the alleged conversion by the defendant of 204 pairs of shoes, the property of the plaintiff. The second count was in trespass, and sought to recover damages for the wrongful taking by the defendant of

the said shoes. The defendant pleaded the general issue and several special pleas, setting up the fact that the property described in the complaint and alleged to have been taken by him was taken by him as sheriff under and by virtue of the levy of an execution in his hands which was issued upon a judgment recovered by J. J. Stagner against J. F. Willoughby, and that said property so levied upon was in a storehouse which had been occupied by Willoughby. The defendant also pleaded the following special plea: "(5.) That he took possession of the goods and chattels in the complaint described as sheriff of Cleburne county, Alabama, for the purpose of selling them in his official capacity and applying the proceeds of such sale to the satisfaction, so far as the same would extend, of a judgment then existing in the circuit court of said county in favor of J. J. Stagner and against J. F. Willoughby, for the sum of two hundred and ninety and 50-100 dollars. That at the time he took possession thereof plaintiff was present in person or by his agent, and knew of defendant's seizure thereof and the purpose of defendant in making such seizure, and afterwards and before said goods were removed from the house where they were then seized, plaintiff had actual knowledge of the seizure thereof by defendant, and that at the time of said seizure said goods were in the house which had been used by said J. F. Willoughby as a storehouse, and that until within a day or two before the seizure thereof by defendant said J. F. Willoughby had occupied said house as a storehouse and had been in the actual possession of said goods, using and selling therefrom as his own, and claiming the same as his own, with plaintiff's knowledge. That defendant seized and held the same as the property of said J. F. Willoughby with plaintiff's knowledge as hereinabove shown, and sold the same as sheriff and applied the proceeds of the sale thereof so far as same would extend to the satisfaction of the judgment hereinabove named, and that plaintiff never did, at any time prior to the filing of this suit give him, defendant, any notice that he, plaintiff, claimed the title to, or any interest in said goods. And defendant

says plaintiff is now estopped to claim the damages for the recovery of which this action is brought."

The plaintiff demurred to plea numbered 5 upon the following grounds: 1. That it does not appear from said plea that the defendant had any authority of law to seize and sell the property sued for, for the purpose of satisfying the judgment mentioned in said plea. 2. That said plea is no answer to said complaint. 3. That it does not appear that plaintiff was under any obligation to notify the defendant of his ownership of the goods seized by the defendant. The demurrer was sustained, and thereupon the defendant amended plea No. 5 by inserting after the words in the first part of the plea "that he took possession of the goods and chattels in the complaint described as sheriff of Cleburne county, Alabama," the following words: "Under an execution issued out of the circuit court of Cleburne county."

To plea No. 5, as amended, the plaintiff demurred upon the same grounds of demurrer which were interposed to the plea as originally filed and upon the additional grounds: 1. That the execution mentioned in said plea is not set out at length, nor is sufficient description thereof given in said plea. 2. That it does not appear from said plea that the defendant seized and sold the property mentioned in the complaint under a valid execution. The demurrer was sustained. Thereupon the defendant filed the following plea: "No. 5a. And for further answer to the complaint says that he took possession of goods and chattels in the complaint described, as sheriff of Cleburne county, Alabama, under an execution issued out of the circuit court of said county, on 29th day of October, 1896, in favor of J. J. Stagner, plaintiff, vs. J. F. Willoughby et al. defendants for the sum of two hundred and ninety and 50-100 dollars, which said execution came into his hands on the 29th day of October, 1896, for the purpose of selling them in his official capacity and applying the proceeds of such sale to the satisfaction, so far as the same would extend, of a judgment then existing in the circuit court of said county in favor of J. J. Stagner and against J. F. Willoughby for the sum of two hundred and ninety

50-100 dollars; that at the time he took possession thereof plaintiff was present in person or by his agent and knew of defendant's seizure thereof under said execution, and the purpose of defendant in making such seizure and afterwards and before said goods were removed from the house where they were when seized, as aforesaid, plaintiff had actual knowledge of the seizure thereof by defendant, and that at the time of said seizure said goods were in the house which had been used by J. F. Willoughby as a storehouse, and that until within a day or two before the seizure thereof by defendant said J. F. Willoughby had occupied said house as a storehouse and had been in the actual possession of said goods, using and selling therefrom as his own and claiming the same as his own with plaintiff's knowledge. That defendant seized and held the same under said execution as the property of said J. F. Willoughby with plaintiff's knowledge as hereinabove shown and sold the same as sheriff, under said execution and applied the proceeds of the sale thereof so far as same would extend to the satisfaction of the judgment hereinabove named, and the plaintiff never did at any time prior to the filing of said suit give him, defendant, any notice that he, plaintiff, claimed the title to or any interest in said goods. And defendant says, plaintiff is now estopped to claim the damages for the recovery of which this action is brought."

Issue was joined upon the pleas numbered 1, 2, 3, 4, and 5a.

On the trial of the cause the plaintiff introduced in evidence a contract whereby he consigned the shoes involved in this suit to J. F. Willoughby; it being expressly stipulated in said contract that the title to said goods was to remain in said John D. Head, and the said Willoughby was authorized to sell the same and account to said Head for $1,339. It was further stipulated in said contract that the proceeds of said sale should be applied by said Willoughby to the payment of $1,013 due from Head to one M. B. Wellborn, which indebtedness was evidenced by promissory notes and was secured by a mortgage. Attached to this contract between Head and Willoughby was the written consent of Wellborn

thereto. The defendant objected to the introduction in evidence of said contract, upon the ground that it was illegal, irrelevant and inadmissible. The court overruled the objection, and the defendant duly excepted.

There was also introduced in evidence, against the objection and exception of the defendant, a separate contract, whereby said Willoughby, in consideration of M. B. Wellborn consenting to the consignment by Head of the stock of merchandise mentioned in the other contract just above mentioned, guaranteed the payment of the indebtedness from Head to Wellborn, which was secured by a mortgage. The notes referred to in each of said contracts and which were secured by a mortgage, were also introduced in evidence against the objection and exception of the defendant.

The plaintiff testified that the shoes levied upon and taken by the defendant were among the stock of merchandise sold or consigned by him to said Willoughby.

The plaintiff introduced further evidence tending to show that while said shoes were in the storehouse of said Willoughby they were taken by one Adams, a deputy sheriff.

During the cross examination of the plaintiff as a witness, the defendant's counsel asked him the following question: "State whether or not you told George O. Jones, here in the court house, after this case had been submitted to the jury and before they had returned a verdict on the former trial in the fall of 1897, that you would not have brought this suit against the sheriff, had it not been for parties you owed in Anniston pressing you for money?" The plaintiff objected to this question, the court sustained the objection, and to this ruling the defendant duly excepted.

Thereupon the defendant's counsel asked the witness the following question: "Did you not state to Geo. O. Jones at the time and place stated in the former questionn that you owed a man in Anniston and had to do something in order to raise money to pay him, and that is the reason you brought this suit?" The plaintiff objected to this question, the court sustained the objection, and the defendant duly excepted.

L. E. Adams, a witness for the defendant, testified that he was deputy sheriff at the time the goods involved in this suit were levied upon, and that he took said property into his possession as deputy sheriff. Thereupon the witness was handed what purported to be an execution and stated that he had said paper in his hands at the time he took possession of the shoes, and further testified that he had no notice at the time that the plaintiff claimed the shoes. Thereupon the witness was asked the following question: "State whether or not you took possession of said shoes under any writ or execution?" The plaintiff objected to this question, the court sustained the objection, and the defendant duly excepted.

Thereupon the defendant's counsel asked the witness the following question: "Did you take possession of said goods under any court process?" The plaintiff objected to this question, the court sustained the objection, and the defendant duly excepted.

Thereupon the defendant offered in evidence an execution with the sheriff's return, which purported to be issued upon a judgment recovered by J. J. Stagner against J. F. Willoughby. The recitals of the bill of costs on this execution, which are referred to in the opinion, are sufficiently shown therein. The plaintiff objected to the introduction of the execution in evidence, the court sustained the objection, and the defendant duly excepted.

The defendant as a witness in his own behalf testified that the goods so levied upon by Adams, the deputy sheriff, were taken into his possession and sold under the execution. The defendant also introduced evidence tending to show that at the time of the levy and execution one Tomlinson as the agent of the plaintiff, was in possession of the store formerly occupied by Willoughby and made no objection to the deputy sheriff taking possession of the goods, and did not give any notice to said deputy sheriff that the plaintiff claimed the goods levied upon.

The court at the request of the plaintiff gave to the jury the following charges: (2.) "If the jury believe from the evidence that the debt from Head to Wellborn

was unpaid at the time the defendant seized the shoes mentioned in the complaint, then the legal title to said shoes was in the plaintiff and the plaintiff is entitled to a verdict in this case, and his damages should be assessed at the value of said shoes at the date defendant received them together with the interest thereon till this date." (3.) "If the jury believe from the evidence that the shoes mentioned in the complaint were the property of the plaintiff, at the time they went into hands of the defendant, then the verdict must be for the plaintiff, and his damages should be assessed at the value of said shoes, at the time defendant received them, together with the interest thereon to this date."

The defendant separately excepted to the giving of each of these charges, and also separately excepted, to the court's refusal to give the following charges requested by him : (1.) "If the jury believe from the evidence that Tomlinson was the agent of the plaintiff, at the time of the alleged seizure and was present and saw the deputy sheriff take possession of the goods, and did not give any notice to the deputy sheriff of plaintiff's claim, and that defendant never afterward had notice of plaintiff's claim thereto until this suit was begun, then your verdict must be for defendant." (2.) "If the jury believe from the evidence that plaintiff had actual notice of the seizure of the shoes by the defendant before they were removed from said store house where they were seized and failed to give defendant any notice of his claim thereto, then he is estopped to maintain this action and you will find for the defendant." (3.) "The court charges the jury that if they find from the evidence that the defendant was not present and was in no way connected with the alleged trespass, by taking said property, then they must find for the defendant." (4.) The court charges the jury that if they believe from the evidence that the plaintiff was present in person or by agent and knew of or was informed of the seizure of the goods and made no objection to the seizure and interposed no claim thereto, they would find for the defendant." (9.) "The court charges the jury that if they believe from the evidence that at the time of the alleged conver-

[Stephens v. Head.]

sion of the goods the title thereto was in Welborn, as mortgagee, then they will find for the defendant." (12.) "If the jury believe the evidence, they should find the issue in favor of the defendant."

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

MERRELL & MERRELL for appellant.—Defendant's plea number five was good as a plea of estoppel.—*Stephens v. Head,* 119 Ala. 511.

To maintain the action of trover the plaintiff must have a general or special property in the chattel, and actual or constructive possession at the time of the conversion.—*Heflin & Phillips v. Slay,* 78 Ala. 180.

The declarations of a party against his own interest are admissible in evidence against him.—*Humes v. O'Bryan,* 74 Ala. 64.

An execution which informs the party against whom it issues of the items composing the bill of costs meets the requirements of the statute.—*Brainard v. Harrison,* 53 Ala. 360; *Maxwell v. Pounds,* 116 Ala. 551.

Charges No. 1 and 2 asserted correct propositions of the law of estoppel, and should have been given.—*Stephens v. Head,* 119 Ala. 511.

BLACKWELL & KEITH, *contra.*

SHARPE, J.—Under the facts as they appeared upon the former appeal in this case it was held that by his failure to give notice of his claim to the goods seized by the defendant as sheriff, plaintiff was estopped to subsequently assert that claim by suit. That conclusion was based upon the assumption that the defendant in making the seizure was acting under a valid execution against Willoughby, in whose store the goods were situated.—*Stephens v. Head,* 119 Ala. 511. To set up an estoppel in accordance with the opinion then rendered, was apparently the purpose of plea 5; but that plea as first filed, and also as amended, failed to show defendant held an execution against Willoughby and was,

[Stephens v. Head.]

therefore, subject to the demurrers which the court sustained. On the last trial it developed that the execution under which the defendant acted was exclusively for costs, and had, endorsed thereon, in the statement of costs, "witness fees in circuit court $123.30," without any itemization of the fees embraced in those sums. Section 1337 of the Code provides for the ascertainment by the clerk, of the sum to which each witness is entitled for attendance, etc., and for entering the result thereof upon the subpoena docket or book to be kept for that purpose. Section 1340 requires, that "upon the final disposition of any civil cause, the amount proved by the witnesses, as hereinbefore provided, must be taxed in the bill of costs against the rightful party, setting forth the name of each witness, and the amount allowed him," etc. Section 1833 is in the following words: "At the foot, or on some part of the execution, the clerk must state, in intelligible words and figures, the several items composing the bill of costs, and without such copy of the bill of costs, the execution is illegal and shall not be levied." These requirements as to witness fees were not conformed to in the endorsement on the execution in question; and, therefore, upon authority of the statutes themselves and of the decisions in *Maxwell v. Pounds*, 116 Ala. 551, and *Marx v. Wood*, 133 Ala. 533, it must be held that the process was void. As to the sufficiency in other respects of the endorsement of costs, we decide nothing. Being void, the paper called an execution was properly excluded from the evidence. It was ineffective to justify the seizure regardless of whether the goods were owned by Willoughby, and hence it could not have assisted in erecting an estoppel under plea "5a," the theory of which is, that in connection with plaintiff's act in clothing Willoughby with apparent possession, his inactivity about the assertion of his claim, misled the defendant to seize and dispose of the goods as Willoughby's. There being no question of punitive damages in the case, the void process was not admissible for the purpose of mitigating damages.

The primary evidence of the character of the paper, under which defendant acted, was the paper itself. The

question asked defendant as to whether he took posses-
sion of the goods under a writ of execution, called for
secondary evidence of the writ and was properly disal-
lowed. What plaintiff may have said to Jones respect-
ing his motives in bringing suit was immaterial as evi-
dence.

The contract between plaintiff and Willoughby where-
by the goods were conditionally sold and the title re-
tained by plaintiff and the notes, which, by the con-
tract, Willoughby agreed to pay plaintiff's mortgagee,
Wellborn, were admissible as evidence of plaintiff's ti-
tle and right of possession in the goods. As against all
persons except the mortgagee, the mortgagor is regarded
as the owner of the property mortgaged, and as having,
therefore, the right to maintain an action against a third
person for its conversion.—*Marks v. Robinson,* 82 Ala.
69; *Turner Coal Co. v. Glover,* 101 Ala. 289; *Heflin v.
Slay,* 98 Ala. 180.

The act of the deputy in taking the property, was the
act of the defendant as sheriff, and besides, the defend-
ant ratified and became responsible for the taking by
adopting the levy and selling the goods thereunder.
Hence charge 3 was properly refused.

What we have said will, in application to the evidence,
show that no error was committed in the giving or in the
refusal of requested charges.

Judgment affirmed.