ELENORA R. KOPPINGER *vs.* HUGH O'DONNELL *et ux.*

A strict bill of interpleader should show that the respondents have conflicting claims, and that it is doubtful which is right.

But a bill in the nature of interpleader may properly be brought by a mortgagor when there are conflicting claims to the money, and in such a bill the mortgagor, complainant, may also ask an account, a decree of redemption, and an injunction staying a sale under the mortgage. Such a bill does not require an affidavit denying collusion.

A bill in the nature of interpleader brought by a mortgagor will lie against a husband and wife whose claims to the money are conflicting. In such a case a guardian *ad litem* will be appointed for the wife.

BILL IN EQUITY in the nature of interpleader, and for an account, and to redeem. On demurrer to the bill.

*January* 26, 1889. DURFEE, C. J. The case set forth in the bill is as follows: The complainant, being seized on March 22, A. D. 1876, of a lot of land in Cranston, mortgaged it to William Hartly to secure a note for $300, given by her husband to said Hartly. June 26, 1878, Hartly sold the mortgage and note to the defendant, Hugh O'Donnell, for a valuable consideration paid by said Hugh, but transferred the mortgage to the defendant, Catherine O'Donnell, wife of said Hugh. On December 7, 1876, the complainant mortgaged said lot to secure a note for $200 given by her husband to said Hugh for money lent to him by said Hugh, but the mortgage was made to said Catherine. The complainant always understood that her liability was to Hugh, and paid the interest accruing on the notes to him, and Catherine never demanded the interest thereon until within a year. The bill avers on information and belief that the mortgages and notes were delivered to Hugh, and have always been held by him as his own; but Catherine now claims to be the legal owner and to be entitled to payment, and has advertised the mortgaged lot for sale under the power contained in the second mortgage. The complainant avers that she is ready to pay the notes and mortgages, but Catherine not having them cannot surrender them when paid, and that Hugh who has them demands payment to himself. The prayer is, that an account may be taken to ascertain the amount due on the notes, and that the complainant may be permitted to pay the amount when ascertained into court; that the respondents may thereupon be decreed to interplead, and to cancel said

notes and mortgages, and surrender them to the complainant; and for an injunction meanwhile staying sale under the mortgages, or either of them, and for general relief. Catherine has demurred, and the case is before us on her demurrer.

The defendant, Catherine, contends in support of the demurrer, that the bill does not make a case for interpleader, because, if the allegations of the bill are true, the complainant can exonerate herself from liability by paying the notes to Hugh, since the notes, if the allegations are true, clearly belong to him. Doubtless it is incumbent on the complainant in a strict bill of interpleader to show by the bill not only that there are conflicting claims, but also that it is doubtful which of them is right. It is not clear that the bill here does not answer this requirement. It shows that the two defendants both claim to be entitled to payment, and that, while the husband paid the money for the notes and mortgages, the mortgages were taken in the name of the wife, which affords a presumption that they were intended as gifts to her. The fact that the husband has kept them in his possession, and has collected the interest on the notes, is not necessarily inconsistent with such an intent, he being her husband. The bill, however, is not a strict bill of interpleader, for in such a bill the complainant only asks for liberty to pay the money to whichever party is entitled to it, and thereafter be protected against the claims of both; whereas the complainant here seeks relief for herself as well, and prays for an *ad interim* injunction, and that an account may be taken to ascertain the amount due on the mortgages, and upon payment thereof to have the mortgages cancelled and the mortgages and mortgage notes surrendered to her. Such a bill is denominated a bill in the nature of a bill of interpleader, and has been held to be the proper remedy where, as here, the complainant is a mortgagor seeking to redeem, and there are conflicting claims to the mortgage money. *Bedell* v. *Hoffman,* 2 Paige, 199; 2 Story Eq. Juris. § 824. We think the first ground of demurrer is untenable.

We do not think the demurrer should be sustained because it is brought against the husband and wife as adversary parties. Our laws allow to husband and wife separate property rights in regard to which adversary claims must, of course, sometimes arise. In

such cases, married women may maintain suits against their husbands for the vindication of their rights, and we can see no reason, therefore, why they may not be made defendants in respect of such claims. Story Eq. Plead. § 61. We think, however, that it will be proper to have a guardian *ad litem* appointed for the wife to insure to her rights a fair protection.

We do not think that an affidavit negativing collusion was necessary, inasmuch as, the complainant seeking affirmative relief, the bill is not strictly a bill of interpleader. 2 Daniell Chan. Plead. & Practice, *1563; *Vyvyan* v. *Vyvyan*, 30 Beav. 65, 70.

*Demurrer overruled.*

*Charles E. Gorman*, for complainant.

*Nicholas Van Slyck & Cyrus M. Van Slyck*, for respondent, Catherine O'Donnell.