# Stephens v. Head.

*Action Against Sheriff for Sale of Goods.*

1. *Estoppel in pais as against sheriff levying process.*—Where the sheriff levied on property to all appearances in the possession of the defendant in execution, in the presence of the owner's agent in charge of the property, who made no objection nor gave notice of the owner's claim, and the owner, himself, on being notified of the levy before the goods were removed, gave no notice until the property was sold, he is estopped to maintain an action against the sheriff for the wrongful levy and sale.

APPEAL from Cleburne Circuit Court.

Tried before Hon. JNO. PELHAM.

The facts of the case are sufficently stated in the opinion. The court, at the request of the plaintiff, gave to the jury the following written charges: (3.) "The court charges the jury that if from the evidence they find that the shoes levied upon in this case belong to John D. Head and when levied upon were in the possession of Henry, and that Tomlinson was in the possession of the goods when W. J. Henry levied upon them, then they must find the issue in favor of the plaintiff and assess his damages at what the shoes are proven to be worth." (5.) "The court charges the jury that the lien of an execution only attaches and is a lien on the property of the defendant in execution, and is no lien upon property which is in his possession or under his control that belongs to a third person." The defendant separately excepted to the court's refusal to give, at his request, the following written charges: (2.) "If the jury believe, from the evidence, that Tomlinson was the agent of the plaintiff at the time of the levy and was present and saw the deputy sheriff levy on the shoes and did not give any notice to the deputy sheriff of plaintiff's claim, and that defendant never afterwards had notice of plaintiff's claim thereto until this suit was begun, then your verdict must be for defendant." (3.) "If the jury believe, from the evidence, that the defendant levied upon and took possession of the goods in controversy under an execution and sold them without any knowledge of any

claim of the plaintiff they will find for the defendant." (4.) "If the jury believe, from the evidence, that plaintiff had actual knowledge of the levy upon the shoes by the sheriff before they were removed from said storehouse where the levy was made, and failed to give defendant any notice of his claim thereto, then he is estopped to maintain this action, and you should find for the defendant." There were verdict and judgment for plaintiff. The defendant appeals, and assigns as error, among other rulings, the giving of the charges requested by the plaintiff and the refusal to give the charges requested by the defendant.

MERRILL & BRIDGES, for appellant, cited, *Jones v. Franklin*, 81 Ala. 161; *Wollner v. Lehman*, 82 Ala. 274; 7 Am. & Eng. Encyc. of Law (1st Ed.) 18, n. 2; *Pool v. Lewis*, 5 Am. Rep. 526; *Horn v. Cole*, 12 Am. Rep. 111; *Alexander v. Wheeler*, 78 Ala. 167.

BLACKWELL & KIETH, *contra.*—(No brief came to the hands of the reporter).

COLEMAN, J.—This was an action by appellee, plaintiff, against the sheriff of Cleburne, to recover damages for the seizure and sale of goods and merchandise. To state the facts and tendencies of the facts with which there is no conflict, they are substantially as follows: The plaintiff residing in Anniston let one J. F. Willoughby, who was merchandising in Cleburne county, "have" the goods in controversy, together with other goods. The contract of sale was that the legal title was to remain in the plaintiff, the vendor. These goods were put in the store of Willoughby with his other goods and were sold by him as his own goods, so far as the purchasers and public knew. A short time before the levy the plaintiff sent his agent, one Tomlinson, to Willoughby's store, whose duty it was, not to interfere with the sale of the goods by Willoughby, but to superintend the collection of the money for his principal, the vendor. His business was not known to the public or the purchasers of the goods from Willoughby. There was a delivery of the goods in controversy by Willoughby to Tomlinson, but they were not removed from the storehouse. The change of possession from Willoughby to

Tomlinson was not made known. The sheriff levied an execution upon these goods as the property of Willoughby, in the presence of Tomlinson, who interposed no objection nor set up any claim to the goods. The goods were packed in a box, and left by the sheriff in the store. The plaintiff himself was notified by Tomlinson of the levy, and saw the box of goods in the store, and interposed neither claim nor objection. He at no time, either in person or by agent, gave the sheriff any notice of any claim before the sale of the goods by the sheriff, or any other notice, although both he and his agent knew of the levy and sale of the goods as the property of Willoughby, except by the bringing of the present action of trespass against the sheriff. We have endeavored to state the facts of the case as favorable to the plaintiff as the facts will justify. We do not doubt that the plaintiff was estopped by his own acts from afterwards suing the sheriff, and that defendant was entitled to the general charge. The two charges given at the request of the plaintiff asserted correct propositions of law, and although the defendant did not request an affirmative charge, yet construing the charges requested by the defendant with reference to the whole evidence, they should have been given.

Reversed and remanded.