# Wheeler, *et al. v.* Armstrong.

*Interpleader.*

(Decided June 30, 1909. Rehearing denied Dec. 16, 1909.—51 South. 268.)

1. *Gifts; Delivery; Intent.*—To constitute a gift, the donor must deliver the property with the intent to divest himself of title and possession.

2. *Husband and Wife; Gifts Between; Evidence.*—The evidence in this case stated and examined and held insufficient to show that the husband delivered the property to the wife with the intent to divest himself of title and possession.

[Wheeler, et al. v. Armstrong.]

3. *Estoppel; Equitable; Grounds.*—One is estopped to deny the equity of a bill who has received the subject-matter of the suit pendente lite on giving a refunding bond in accordance with the order and decree of the court entered on his own motion.

4. *Appeal and Error; Right of Review.*—One having no interest in the subject-matter of an interpleader cannot complain of erroneous rulings thereon.

5. *Interpleader; Grounds of Relief.*—Where two or more persons claim the same thing from a third person, who claims no title or interest in the thing itself and does not know to which of the claimants it belongs and who is sued or reasonably fears suit on account of which he may suffer from the conflicting claims, such third person may properly file a bill of interpleader.

6. *Same.*—Interpleader at equity is for relief where there are at law separate and conflicting claims for the same property or thing and when a recovery by one would not protect the party against a recovery for the same thing by the other; the remedy given by statute in the nature of a claim suit in courts of law does not oust equity of its jurisdiction.

7. *Same.*—The fact that a complainant in a bill of interpleader claims some substantial interest or right in the controversy, does not bar him of his right to the remedy of interpleader.

8. *Same.*—Where the bill shows that the complainant does not know to which one of two claimants notes secured by a mortgage on his property belongs, and which he ought to pay, the complainant is not barred of his right to interpleader because he also seeks relief of having the mortgage cancelled upon its payment.

APPEAL from Cullman Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill of interpleader by J. I. Armstrong against Sallie C. Wheeler and others. Decree for complainant and Sallie Wheeler, respondent, appeals for herself and the others. Affirmed.

R. B. KELLY, W. T. L. COFER, and W. L. MARTIN, for appellant. There was sufficient delivery of the gift.— *McHugh v. O'Connor,* 91 Ala. 243; *O'Connor v. Mc-Hugh,* 89 Ala. 533; *Walker v. Crews,* 73 Ala. 412. Complainant was interested in the result of the suit and not a mere stakeholder, and there was no privity of title between the parties to the suit, and hence, the court erred in overruling demurrers and denying motion to dismiss for want of equity.—*Kyle v. Mary Lee Co.,* 112

Ala. 606; *Conley v. Insurance Co.,* 67 Ala. 472; *Cross v. R. R. Co.,* 96 Ala. 447. The register was without authority to set aside the decree pro confesso against Wheeler and the bank.—Secs. 691 and 746, Code 1896; *Bank v. St. John,* 25 Ala. 566. The court erred in allowing the amendment to the original bill, and in refusing to allow Sallie Wheeler to file demurrers.—*Ex parte Ashurst,* 100 Ala. 578; *Pits v. Powledge,* 56 Ala. 147; *Gayle v. Johnston,* 80 Ala. 395; *Vandiford v. Stovall,* 117 Ala. 344. The court erred in overruling the motion of Sallie Wheeler to strike the amendment as it set up matters arising since the filing of the original bill, and also set up separate and distinct causes of action.—*Jones v. McPhillips,* 82 Ala. 102; *Tatum v. Walker,* 77 Ala 563; *Teele v. Chancellor,* 117 Ala. 612.

BROWN & KYLE, for appellee.—No brief came to the Reporter.

MAYFIELD, J.—This was a bill of interpleader. The bill was filed by the appellee, Armstrong, against Sallie C. Wheeler and her former husband, J. M. Wheeler, from whom she was divorced, and the German Bank of Cullman. The bill alleges that on September 14, 1904, the respondent J. M. Wheeler sold and conveyed a certain lot by warranty deed to Henry Cox and others, for the price of $540, $135 of which was paid in cash, and the balance secured by 28 promissory notes, for various amounts, due at various dates, the last maturing on the 14th day of January, 1907, which notes were secured by a mortgage on the lands conveyed; that on the 4th of September, 1905, the complainant purchased the said lot from the said Cox and others for the price of $610, and received a deed from the grantors.

and as a part payment of the purchase price to the grantors, Cox and others, the complainant assumed the payment of the notes executed by Cox and others to Wheeler, the original vendor; that the complainant paid all the notes as they matured, up to within a short time before the filing of the bill, and that at this time a dispute arose as to the ownership of the notes and mort-. gage, they being claimed by both Sallie C. Wheeler, and her former husband, J. M. Wheeler. the original vendor.

It is further alleged by the bill that the claims of the respective parties were based upon the following facts: That during November, 1905, J. M. Wheeler, the original vendor, deposited 14 notes, and the mortgage, with the German Bank of Cullman for collection, with instructions to collect the same when due and to credit the proceeds as collected to the account of the respondent Sallie C. Wheeler; that the complainant, on receipt of instructions from the bank to this effect, paid six of the notes as they matured, which were turned over to him by the bank, but that, before the maturity of the other notes, the contention between Sallie C. Wheeler and her husband, J. M. Wheeler, as to the ownership of the notes and mortgage arose, and that they each then demanded that payment of the notes be made to each of the contesting claimants, and made demand upon the bank for delivery of the notes to the respective claimants, and that the bank thereafter refused to receive payment of the other notes or to deliver them up to the complainant; that he offered to pay the notes to Sallie C. Wheeler if she would procure the notes and deliver them to him as he paid them, that he also offered to pay J. M. Wheeler if he would procure the notes and mortgage and deliver them to him when he paid them, and that he offered to pay the bank if the bank would re-

ceive it and deliver him the notes and mortgage; that the bank declined to receive the payment or to deliver the notes and mortgage, and that each of the claimants declined or failed to surrender the notes and mortgage; that they were both willing to accept, but were unable or unwilling to deliver the evidences of the indebtedness or the mortgage; that Sallie C. Wheeler was attempting to foreclose the mortgage under the power; and that both claimants were threatening him with, or had brought, actions on the notes.

The bill prayed that the claimants be restrained from further proceedings to collect the notes or to foreclose the mortgage; that the claimants be required to come in court and propound their claim; that they be required to contest in the chancery court their rights; that the court decree to whom the funds or amount secured by the notes and mortgage should be paid, and that it be awarded to the proper claimant; and that the notes and mortgage be satisfied and the mortgage canceled of record.

The injunction was issued. J. M. Wheeler being a nonresident, publication was issued as to him. Sallie C. Wheeler filed an answer, and appeared before the register and made a motion that the averments of the complainant's bill be taken as confessed as against the other respondents, upon which motion the register rendered a decree against J. M. Wheeler and the German Bank; and a few days thereafter she filed a petition in the court, setting up the fact of a decree pro confesso, and praying that it be required that the fund be paid into court by the appellee, and turned over to her pendente lite, upon the execution of a refunding bond. This petition was granted and the bond was executed, and the fund paid over to the respondent Sallie C. Wheeler.

[Wheeler, et al. v. Armstrong.]

On May 2nd, thereafter, on the application of respondents, the decree pro. confesso was set aside, and they were allowed to answer. The bank answered, and brought the notes and mortgage into court, disclaiming any interest therein, and averring that they were left with it only for collection, by the respondent J. M. Wheeler, as his property, with instructions to deposit the proceeds, when collected, to the credit of Sallie C. Wheeler. Wheeler's answer admitted the material averments of the bill, but denied any right of Sallie C. Wheeler to the fund, asserting absolute ownership thereto. An amendment of the bill was allowed, which set up a petition of Sallie C. Wheeler for withdrawal of the funds and of proceedings thereon as an estoppel against her to question the right to maintain the claim as to part of the costs and reasonable solicitor's fees for filing the bill.

Upon a final hearing the court decreed relief to the complainant, canceled the mortgage, and perpetuated the injunction, and decreed that J. M. Wheeler, the respondent and original vendor, had established his title to the fund, ordering Sallie C. Wheeler to return to the register the fund paid over to her within 30 days from the enrollment of the decree, and, upon her failure so to do, that execution issued against her and her sureties on the refunding bond, and also directing that costs be paid out of the fund, and that the remainder be paid to the said J. M. Wheeler. This appeal is prosecuted by Sallie C. Wheeler alone, in the name of all, and she alone assigns error on the record. It therefore clearly appears that the main and pivotal question in this case is: To which of the two claimants do the notes and mortgage in question belong, and to which of the two do the proceeds thereof belong?

Is the decree of the chancellor right or wrong in determining that the respondent J. M. Wheeler, the husband and original vendor, is the owner of the notes and entitled to the proceeds thereof? If the decree is right as to this proposition, then, no matter if all the other assignments were error, they would be of no injury to the appellant. If she has no interest, claim, or demand upon the funds, having received them on her own application on condition that she execute a refunding bond to await the decree of the court and that decree being that she was not entitled to the funds, then certainly she and her sureties were liable to restore the funds, as conditioned in the bond and as decreed by the court. It is undisputed that J. M. Wheeler was the owner of the land originally sold; that the notes and mortgage were made payable to him; that they were deposited by him in the bank for collection, with instructions to pay the proceeds to his wife, Sallie C. Wheeler; that the notes were collected by the bank and paid over to her until an estrangement arose between her and her husband, resulting in a divorce, after which the notes, mortgage and proceeds thereof were claimed by J. M. Wheeler.

The material question in this case is: Did the action of J. M. Wheeler in depositing the notes and mortgage in the bank, with instructions to the bank to collect them and pay the proceeds to his wife, Sallie C. Wheeler, amount to a gift or transfer of the notes and mortgage, or the proceeds thereof when collected, to her? If it did, then he could not subsequently recall the gift, nor again acquire ownership or right thereto, against the protest of his wife, the donee; and she, in that event, would be clearly entitled to the proceeds of the notes and to the possession of the notes and mortgage, and the decree of the chan-

cellor, awarding them to the respondent J. M. Wheeler, would be error, and should be reversed, and a decree here rendered. If the decree be correct in this, we are unable to see how there could be any injury resulting from this decree to the appellant, Sallie C. Wheeler. No matter if the record bristle with error, there could be no reason for reversing, because there can be no possible injury, and which would be affirmatively shown by the record.

The memorandum made by the officers of the bank, at the time the notes and mortgage were deposited for collection by J. M. Wheeler, was as follows: "November 14, '05. Notes for collection by J. M. Wheeler, to be credited to Mrs. Wheeler when collected. These notes are secured by one mortgage by Henry Cox and others for $415.00 on real estate due," etc., giving dates of notes.

The evidence of the respondent Sallie C. Wheeler upon this subject, so far as it attempts to state the facts, is substantially that the notes and mortgage were made before she reached Col. Griffin's office to sign the deed; that they were made in Mr. Wheeler's name, and that, upon her noticing how they were made, Mr. Wheeler said they were all right, and he turned to Mr. Cox and said, "Always pay them to her;" that they were turned over to her then; that he turned over to her then the $120 paid in cash, which she deposited in her own name at Parker's Bank; that she had collected some of the notes herself from Cox; that she always claimed the notes and mortgage as her own individual property. There were also claims made by her that she had helped to pay for the land as originally purchased by Mr. Wheeler.

The testimony of J. M. Wheeler upon this subject was, substantially, that the notes were placed in the

German Bank by him for collection as his property, and that his instructions to the bank were to collect the notes and place the amount subject to his check and that of Sallie C. Wheeler, and same as every other bank account he had ever had up to that date; that the bank account at Parker's Bank was always subject to his wife's check; that he never made any transfer of the papers or proceeds to her; that the deposit was not intended as a transfer; that he never gave her the papers, but simply let her have the use of the money when it was necessary or when she needed it; that the bank gave him a receipt for the notes. He claims the he paid every dollar of the money for the property; that he only received about $100 or $150 from his wife, which she inherited; that with it he and she purchased a horse and buggy, which were turned over to her, and which she disposed of; that he never received any other money from her; that at the time the notes were left in the bank for collection he was engaged in construction work in Jackson, Miss.; that his duties kept him away from home; that he deposited the notes to be collected for the use of his wife and family; that after he discovered the infidelity of his wife he changed his instructions to the bank, and requested them not to honor any more of her checks on his money.

The testimony of Emil Cramer, an officer of the bank, as to what occurred when the notes and mortgage were deposited, was substantially as follows: That they were left with the bank by J. M. Wheeler to be collected, the proceeds to be turned over to Mrs. Wheeler when collected; that he made the memorandum above set forth at the time; that there was nothing said about the bank's receiving anything for its services, as they never charged anything; that the notes were collected as they became due, and paid over to Mrs. Wheeler, until the

[Wheeler, et al. v. Armstrong.]

difference arose between Mr. and Mrs. Wheeler relative to the divorce proceedings, after which they were claimed by both parties.

It thus appears that the notes and mortgages were made to J. M. Wheeler; that there was never any attempt to transfer or assign them in writing. If a perfect legal or equitable title passed, it was by the gift of J. M. Wheeler to Sallie C. Wheeler. We do not think the evidence in this case is sufficient to support a gift, a legal or equitable transfer by J. M. Wheeler to Sallie C. Wheeler, his wife, in such manner that it could not be subsequently revoked by him. It appears to us that the understanding of all parties was that the notes and mortgage belonged to J. M. Wheeler and were his exclusive property, and that he only intended that the proceeds should be used by his wife, if necessary, or if she desired it, and that consequently he had a right to revoke this instruction and to reclaim the notes and mortgage. We therefore hold that the decree of the chancellor in this respect is correct. To constitute a gift, the donor must part with dominion over the thing to be given, and must do that which appears to be pronounced and decisive of his intention to part with the possession and control. There must be a delivery of the property with the intent, on the donor's part, to divest himself of title and possession.—*McHugh v. O'Connor,* 91 Ala. 243, 9 South. 165; *Jones v. Weakley,* 99 Ala. 441, 12 South. 420, 19 L. R. A. 700, 42 Am. St. Rep. 84; *Peck v. Brummagim,* 31 Cal. 440, 89 Am. Dec. 195.

It may be conceded that there was a sufficient delivery to have constituted a gift, under the authorities, if there had been any intention on the part of the donor to part with his title; but we do not think that there was any intention on the part of J. M. Wheeler to make a gift of these notes and this mortgage, or of the proceeds, to his wife, but that the delivery was to her as his agent,

and that the bank was instructed to pay the proceeds to her as his wife or agent, for the purpose of meeting the necessities of herself and the family, if they should arise. We do not think that the evidence in this case shows that he ever parted, or intended to part, with the title or control of these notes and this mortgage, which is necessary to constitute a gift. As to the correctness or righteousness of the conduct of the complainant and of respondent, further than is involved in the issues of this case, we do not attempt to decide; but we are clearly of the opinion that no gift was intended or made, which divested the plaintiff of his title or control.

It is possible that the appellant might take something by this appeal, if there was no equity in the bill filed against her, though she had no claim or interest in the subject-matter; for that reason, it is proper to decide whether or not there is any equity in the bill, and whether the appellant has estopped herself from now questioning the equity of the bill.

A bill of interpleader is proper when two or more persons claim the same thing from a third, who claims no title or interest himself and does not know to which of the claimants he ought to pay or deliver, and who is sued, or who reasonably fears suit, by which he may suffer from the conflicting claims. He may then file his bill to have the court determine to whom he should render the duty which he admits to be due to one of the conflicting claimants. The plaintiff should be a mere stakeholder. It must usually be a case in which he may deposit the money or property in court and be discharged from liability. He must have no beneficial interest in the thing claimed, and must be so situated that he cannot determine, without hazard or risk, to which of the claimants he owes the duty.—*Gibson v. Goldthwaite*, 7 Ala. 281, 42 Am. Dec. 592; *Tyrus v. Rust*, 37 Ga. 574,

95 Am. Dec. 365; *Crass v. M. & C. R. R. Co.,* 96 Ala. 450, 11 South. 480.

An interpleader in equity is for relief when there are at law separate and conflicting claims for the same thing, and when a recovery by one would not protect the party against a recovery for the same thing by the other. When there are two conflicting claims against the same party, if the recovery by, or a payment to, one will discharge him as against the others, he needs no relief in equity. Interpleader was originally an equitable remedy, but actions in the nature thereof have been provided for in courts of law; and the remedy given by statute, such as claim suits, provided for in our state, does not necessarily oust courts of equity of their jurisdiction to proceed by bill of interpleader. It is in such case a cumulative or auxiliary remedy.—*Shaw v. Coster,* 8 Paige (N. Y.) 339, 35 Am. Dec. 709.

There is a remedy known as a bill in the nature of a bill of interpleader, in which a complainant may also seek relief, and the fact that he claims some substantial interest or right in the controversy does not bar him of his right to the remedy of interpleader.—*Groves v. Sentell,* 153 U. S. 465, 14 Sup. Ct. 898, 38 L. Ed. 785. But this is really a distinction without any real difference, for the all-sufficient reason that equity has jurisdiction of bills of interpleader, and it is a maxim of equity jurisprudence and practice that "equity, having taken jurisdiction for one purpose, will administer complete relief."

The bill appears to us to be a typical one in the nature of a bill of interpleader. It is true that the complainant has some interest in the result of the suit. He must always have that in all bills. But his chief interest and relief is in having the court determine to which of the two claimants he should pay the notes. He makes no

claim to this fund or to the notes. He expressly declares that he owes it to one or the other, and that without the aid of the court he is unable to determine to which of the two he should pay it and be relieved from liability to the other for the payment of the same amount. He pays or offers to pay the amount into court, and does so pay it; and the court determines that question and orders it paid to one of the two claimants. He asserts no claim of right whatever in or to the proceeds of these notes. It is true that he has the right, after the notes and mortgage are paid, to have them canceled and delivered up; but he is unable, as alleged in the bill, to know which one of the two has the right to receive payment, and to cancellation and delivery up, rendering him immune from an action by the other. The fact that he seeks and obtains the relief of having the notes and mortgage canceled does not in the least destroy the equity of his bill for the interpleader; but, the notes and mortgage having been paid, it is another ground of equitable jurisdiction to have this mortgage canceled as a cloud upon his title. Consequently there can be no question as to equity of this bill.

But, even if the bill was without equity, it would seem that this appellant is estopped from now disputing the equity of the bill, for the reason that in the chancery court, in this very action, this appellant affirmatively invoked the action of this court (which could not and should not have been done if the bill was without equity), of having a decree pro confesso entered against two of the respondents, and of having an order made that the subject-matter of the interpleader be paid over to her, pending the action, upon her executing a refunding bond; and, having executed the bond and received the fund, certainly she has represented in this court that the bill did have equity. Having received a benefit at the hands, or decree, of this court, in accordance with

[Wheeler, et al. v. Armstrong.]

her own petition, certainly she should not now be heard to say: "The court should not have done that which I asked it to do. It is true that I in effect' represented that the bill did have equity, induced the court to so act, and received a benefit therefrom; but I now say that the bill has no equity, that I should not restore the benefit which I have received." It is true that under our practice a party is allowed to file inconsistent pleas and to make inconsistent defenses in the same suit; but he will never be allowed to invoke an action of the court, and receive a benefit by reason of such action, and then take advantage because of such action which he invoked and by which he profited.—*Tygh v. Dolan,* 95 Ala. 271, 10 South. 837; *Hodges v. Winston,* 95 Ala. 517, 11 South. 200, 36 Am. St. Rep. 241.

These two propositions having been decided against appellant—that she has no interest nor title in or to the subject-matter of the interpleader, and that the bill of complaint against her has equity—we are unable to see how any other alleged error could do her any injury. That the costs are taxed against the interpleader fund, in which she has no title or interest, can be of no injury to her. Neither could the amendment of the bill be of any to her, nor the overruling of the demurrers to the bill as amended. Her pleas were wholly insufficient, if they had been allowed; consequently the denial of them could be of no injury, and it certainly could be of no injury to the appellant as to the amount that was due on the notes and mortgage, if she had no right, title, or interest in them.

There being no error which could injure this appellant, the decree of the chancellor must be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and DENSON, JJ., concur.