11] JANUARY TERM, 1921. 247

Women's Catholic Order of Foresters v. Krivitz, 173 Wis. 247.

---

Women's Catholic Order of Foresters, Respondent,
vs. Krivitz, imp., Appellant.

*December 17, 1920—January 11, 1921.*

*Interpleader: Several claimants to insurance benefits: Deduction of attorney's fees and costs from proceeds of policy: Appeal: Effect of consenting to order.*

1. The assertion of a claim to life insurance both by the beneficiary named in the policy and by the legatee of the insured and failure of either to bring an action for over ten months, is *held* to warrant the insurer in bringing an action of interpleader against them.
2. One of two defendants against whom an interpleader action was brought, having formally consented to the granting of the relief prayed for, cannot on appeal question the right or propriety of plaintiff's instituting the action or being allowed the relief asked.

3. Persons claiming under a life insurance policy are bound by a by-law of the insurer, a part of the contract between the insurer and the insured, providing for a deduction by the insurer of its court costs and attorney's fees incurred in determining to whom the insurance shall be paid.

APPEAL from an order of the circuit court for Milwaukee county: GUSTAVE G. GEHRZ, Circuit Judge. *Affirmed.*

One Mary Krivitz was insured by the plaintiff, and her daughter, the defendant Mary Krivitz, now Mrs. Svensson, designated beneficiary. April 14, 1919, the insured died leaving by specific bequest the proceeds of the same policy to her former husband, the defendant *Anton Krivitz,* from whom she had been divorced.

On April 21st claim was made to plaintiff on behalf of the daughter with the usual death certificate. On April 22d the attorney for *Anton Krivitz* notified the plaintiff that it should pay the proceeds of the policy to no one except his client, who claimed under the will. July 3d the attorney for the appellant again wrote stating that immediately upon the appointment of an executor, which it was expected would be done in the following September, legal proceedings would be commenced, and suggesting to plaintiff that for its own protection it hold the fund and not pay it over until a judicial determination had been made.

A by-law of plaintiff in force at the time of the issuing of the policy was as follows:

"When more than one claimant demands a benefit as provided in this constitution, there shall be deducted from the full amount of said benefit so otherwise to be paid to the legal beneficiary or beneficiaries, and there shall be retained by the order therefrom all court costs, reasonable attorneys' or solicitors' fees and all actual expenses incurred by this order in determining who shall be paid the said benefits, and there shall be due in such case, as such benefit, only such amount as remains after deducting therefrom all of said expenses, fees, and costs as aforesaid."

Neither of the claimants commenced any proceeding against the plaintiff, and in the following January this action was brought, the complaint reciting the situation and asking that the defendants be required to interplead concerning their claims and that the plaintiff be authorized to pay the amount of the policy into court, less the proper deduction to be made under the by-law above quoted, and upon such payment to be discharged from all liability to either or both of said defendants.

The defendant Mrs. Svensson filed an answer admitting the allegations of the complaint and that it was a proper case for an interpleader and consented that the plaintiff pay to the clerk the amount of the insurance policy less its costs, disbursements, and attorney fees to be allowed by the court, and further praying for leave to litigate with the other defendant the issue as to ownership of said insurance money.

The appealing defendant, *Anton Krivitz,* filed an unverified pleading on February 23, 1920, consenting that the plaintiff pay the sum of money into court and "that the relief prayed for by the plaintiff in the complaint shall be granted." No objection was made by either party on the ground that the action was not properly brought by the plaintiff.

Upon motion of the plaintiff a hearing was had as to the amounts that should be allowed the plaintiff.

The trial court directed that the plaintiff be permitted to have its taxable costs and disbursements, assessed at $69.08, and the sum of $75 as a reasonable attorney fee, making a total of $144.08. The amount of the insurance less this amount was paid by the plaintiff to the clerk of court and an order made discharging it from further liability. The defendants stipulated that such deduction should be assessed against the losing party in the final judgment.

The defendant *Anton Krivitz* appeals to this court from so much of said order as permits the retention by plaintiff of the $75 and also of the sum of $69.08.

For the appellant there was a brief by *Joseph G. Hirschberg,* attorney, and *Horace B. Walmsley,* of counsel, both of Milwaukee; and the cause was argued orally by *Mr. Walmsley.*

*Vincent D. Hennesscy* of Milwaukee, for the respondent.

ESCHWEILER, J.  The appellant insists that there was no sufficient legal cause or reason for plaintiff bringing this action, and in any event the several amounts allowed for costs and disbursements and attorney's fees were each unreasonably large.

The assertion by appellant that he was determined to hold the plaintiff for the amount of the policy and his statement that he would bring an action to recover the amount; the assertion by the daughter of her right to the same fund; the length of time that was permitted to elapse after such respective assertions, and the failure of either claimant to institute proceedings, one against the other, or against the plaintiff, whereby the plaintiff might have paid the money into court and have been summarily relieved of liability, fully justified and warranted the plaintiff in bringing the very action that it did.

Furthermore, the appellant, having formally consented that the relief prayed for in the complaint should be granted, is in no position now to be permitted to question the right or propriety of plaintiff instituting the action or being allowed this relief.

The deduction was made solely by reason of the above quoted by-law, a part of plaintiff's contract with the insured, and the defendants asserting their rights under such contract are necessarily bound by its conditions.

An examination of the record shows no ground for disturbing the conclusion arrived at by the trial court as to the respective amounts of costs and disbursements and attorneys' fees.

*By the Court.*—Order affirmed.