(117 So. 464)

## Ex parte McFRY. (7 Div. 810.)

Supreme Court of Alabama.   June 18, 1928.

Rutherford Lapsley, of Anniston, for appellant.

Merrill & Field, of Anniston, for appellee.

GARDNER, J.   Mandamus proceeding against Hon. W. B. Merrill, as a judge of the Seventh judicial circuit.   The submission

here is upon respondent's demurrer to the petition. Briefly stated, the petition discloses the following situation: An attachment suit was instituted in a justice of the peace court against one Formby, certain personalty being attached, and to which R. W. McFry, petitioner here, interposed a claim making affidavit and bond, duly filed on July 20, 1927, as provided for trial of a statutory claim suit. Section 10375 et seq., Code of 1923. The suit came on to be heard on August 20, 1927, in the justice court, and judgment rendered on that day in favor of claimant; the plaintiff in the original suit having dismissed same and paid the cost. On the same day, and before the judgment was so rendered, one O. L. Stewart filed in the cause affidavit and bond as a second claimant to the property, and the court, in entering judgment for claimant McFry, also ordered the claim suit of said Stewart disallowed and stricken from the files. No appeal was taken by Stewart within five days (section 8777, Code of 1923), but, after the expiration of such time, he filed bond for appeal, and the justice certified the cause to the circuit court, where it is now upon the docket. McFry appeared in the circuit court to move to dismiss the appeal of Stewart, but that motion is yet undetermined. Stewart subsequently filed a petition, in statutory form, for a removal of the cause to the equity side of the docket. Sections 6488–6490, Code of 1923. McFry's motion to strike this petition for removal was denied, and this proceeding followed for a review of such ruling.

Petitioner insists there was no legal authority for the justice to certify the cause to the circuit court or for the clerk of the latter court to docket the same, and, as an interested party to the judgment rendered, he had a right to have the cause dismissed from the circuit court. He insists that court is without jurisdiction, for the reason that there is no provision for a second claim suit for the same property in the same cause, and for the further reason that, even conceding such a proceeding, the appeal was not perfected within the statutory time, and hence the cause should be dismissed, and that his motion to strike the motion for a removal should have been granted.

■ Upon the question of the appeal not being taken within time, the following language of this court in Frohlichstein v. Jordan, 138 Ala. 310, 35 So. 247, is here pertinent:

"If the appeal was not claimed within five days, the justice had no authority to grant it, and, if he should have done so, it would have been liable to be dismissed on it so appearing in the court to which it was taken."

See, also, Burgin v. Ivy Coal Co., 127 Ala. 657, 29 So. 67.

■ From the averments of the petition, therefore, upon a consideration of the motion to dismiss the attempted appeal by Stewart, the same should be granted, and, as of consequence, the court should not transfer the cause to the equity docket, thus giving force and effect to an abortive appeal.

■ Upon McFry interposing his claim to the property levied on, "giving bond for its forthcoming, the property is regarded as in the custody of the law, until the claim suit is determined." Rapier v. Gulf City Co., 64 Ala. 330.

■ We find nothing in section 10375, Code of 1923, or following sections, indicating that such a claim suit, once properly instituted and set for hearing, may be displaced by a second claimant merely executing affidavit and bond, and thus ousting the jurisdiction of the court to first hear and determine the claim suit originally before the court. Doubtless section 10390, Code of 1923, was inserted to meet such a situation, but with that section we are not now concerned. It does appear in the proceedings here exhibited that a bill in equity has been filed by Stewart bringing in all parties for the adjustment of rival claims to the property, but a consideration of that bill is not now presented, and can have no bearing upon the question presently to be determined.

It will not suffice to answer, as do counsel for respondent, that the cause is on the docket of the circuit court, for back of that is the inquiry, Did it reach that court in a lawful manner? We are of the opinion it did not, and that petitioner's motion should have been granted.

■ The petition for removal, being in statutory form, was not subject to demurrer, and the cause being improperly on the docket, this petitioner was without any adequate remedy by appeal or otherwise, and we think, under these circumstances, a case for mandamus is presented. Ex parte L. & N. R. Co., 211 Ala. 531, 100 So. 843; Smith v. Grayson, 214 Ala. 199, 107 So. 448; Lake Superior Fdy. v. Houghton, 209 Mich. 380, 176 N. W. 409; 38 Corpus Juris, § 130, p. 631.

■ There is no question here of the court exercising discretion, as argued by counsel for respondent, citing, among other authorities, Ex parte Parker, 172 Ala. 136, 54 So. 572, Ex parte Ingram Land Co., 208 Ala. 28, 93 So. 820, and Henry v. State, 200 Ala. 475, 76 So. 417, but one of improper exercise of jurisdiction of a cause, coming within the language of the text of 38 Corpus Juris, supra, to the effect that, "where the court is without jurisdiction to make an order transferring a cause to the chancery docket, mandamus lies to compel the expunging of the order."

We conclude the petition is not subject to the demurrer interposed thereto, and the demurrer will be overruled. Respondent may file answer, if so advised, within 30 days.

Demurrer overruled.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.