Foljahn and wife, Plaintiffs, vs. Wiener (Sam), Re-
spondent: Wiener (Anna), Appellant.

*December 5, 1939—January 16, 1940.*

For the appellant there was a brief by *George B. Skogmo,* attorney, and *Corrigan & Backus* of counsel, all of Milwaukee, and oral argument by *Mr. Walter D. Corrigan, Sr.,* and *Mr. Skogmo.*

*Easton Johnson* of Whitewater, for the respondent.

FRITZ, J.   The plaintiffs, in their complaint, which is in the nature of a bill of interpleader and also a bill to redeem, allege that on October 14, 1931, they executed and delivered to the defendants, Sam Wiener and Anna Wiener, a promissory note for $1,500, which was secured by plaintiffs' mortgage on certain land, and which was payable to defendants or the survivor; that Sam Wiener is in possession of the note and mortgage; that plaintiffs have been ready and willing to pay the note and mortgage in full and informed the defendants of their willingness to make payment to both of them; that Sam Wiener claims to own one-half interest in the note and refuses to release the mortgage except upon the payment of $750 and interest to him; that Anna Wiener claims to own the entire interest in the note and refuses to

release the mortgage except upon the payment to her of the full amount thereof; that plaintiffs are unable to pay the note and mortgage because of the dispute between the defendants, and the delay in the discharge of the mortgage upon the records and the cancellation of the note is causing damage to them; and that, therefore, they demand judgment determining the ownership of the note and mortgage and directing them to pay the amount due thereunder to the proper parties, and that upon such payment being made the defendants be adjudged to release the mortgage and cancel the note. Each of the defendants served an answer to the complaint, and later a copy of each answer was served on the codefendant. In addition Sam Wiener served on Anna Wiener a demurrer to her answer on the ground that the facts alleged therein are insufficient to constitute a defense to plaintiffs' complaint or to his answer. Upon a hearing on the demurrer the court ruled that the complaint did not state facts sufficient to constitute a cause of action, and that the separate answer and cross complaint of Anna Wiener did not state a cause of action against Sam Wiener, and therefore the court ordered that the demurrer of Sam Wiener be sustained and that he have judgment with motion costs against Anna Wiener. She appealed.

In ruling that the allegations of the complaint were insufficient to constitute a cause of action, the court assumed that the demurrer of the defendant Sam Wiener to his codefendant's answer opened the record so that the court could search the complaint to determine whether the facts alleged therein are sufficient in law to constitute a cause of action. The rule in relation to opening up the record and searching the complaint is applied when a plaintiff by demurrer challenges the sufficiency of an answer to his complaint. In that situation, if upon such search plaintiff's complaint is found to be bad, then the answer which is demurred to is considered good enough even though it is likewise bad. *Water-*

*town M. P. Co-op. Asso. v. Van Camp P. Co.* 199 Wis. 379, 399, 225 N. W. 209, 226 N. W. 378. However, the rule in question does not appear to have been held applicable to the complaint of a plaintiff who has not demurred to a defendant's answer, and the demurrer is but that of a defendant to a codefendant's pleading. Consequently, in this case there is not the situation which renders the rule in question applicable in point of precedent or reason, and the court erred in searching the complaint and ruling that no cause of action was stated therein.

Moreover, the ruling was error because the facts alleged in the complaint were sufficient to constitute a cause of action in the nature of a suit for relief on a bill of interpleader (see 4 Pomeroy's Equity Jurisprudence (4th ed.), Equitable Remedies (2d ed.), p. 3172, § 1322 *et seq.,* p. 3451, § 1459 (38), p. 3463, § 1466 (45); 1 Bryant's Wisconsin Pleading and Practice (2d ed.), p. 224, § 174; 41 C. J. p. 788, § 899 (3) see n. 88; *McDonald v. Allen,* 37 Wis. 108; *Women's Catholic Order of Foresters v. Krivitz,* 173 Wis. 247, 180 N. W. 819; *Hinckley v. Pfister,* 83 Wis. 64, 53 N. W. 21; *Wheeler v. Armstrong,* 164 Ala. 442, 51 So. 268; *Koppinger v. O'Donnell,* 16 R. I. 417, 16 Atl. 714) ; and also on a bill for redemption. 4 Pomeroy's Equity Jurisprudence (4th ed.), Equitable Remedies (2d ed.), p. 3492, § 1481 (60) ; 41 C. J. p. 815, § 972; 42 C. J. p. 428, § 2236; *Wheeler v. Armstrong, supra; Koppinger v. O'Donnell, supra.*

In passing upon the sufficiency of the allegations, it must be noted that "a bill in the nature of a bill of interpleader filed where there are conflicting claims to the mortgage money need not contain the allegations required of a strict bill of interpleader." 42 C. J. p. 436, § 2260. As is stated in 4 Pomeroy's Equity Jurisprudence (4th ed.), Equitable Remedies (2d ed.), p. 3184, § 1328; p. 3488, § 1479 (58), "The bill need not show an apparent title in either of the defendants. On the contrary, if the bill should show that plaintiff was fully informed of the defendants' rights and of his own

liability, or if it should show that one of the defendants was certainly entitled, on the facts alleged, to the thing, debt, or duty, in either case it would be demurrable; there would be no ground for an interpleader." See also *Koppinger v. O'Donnell, supra; Supreme Lodge Knights of Honor v. Selby,* 153 N. C. 203, 69 S. E. 51; *United Rys. Co. v. O'Connor,* 153 Mo. App. 128, 132 S. W. 262. It suffices in this case that the plaintiffs' allegations are sufficient to show that they have notice that claims which are asserted as well founded, but are inconsistent and conflicting, have been made by each defendant in respect to the $1,500 which plaintiffs owe; and that because of plaintiffs' knowledge that the claims are asserted, they cannot be certain of receiving a release of the mortgage which will be effective upon paying to either defendant the amount claimed. Under the circumstances, the plaintiffs in making payment are entitled to protect themselves by securing an effective release of the mortgage, and to that end they can maintain this action as a suit in the nature of interpleader and for redemption.

Likewise, the allegations in Anna Wiener's answer disclose, when liberally construed in favor of the pleader, sufficient facts to admit of holding that she has alleged a cause of action for the entire amount of the note. The essential ultimate facts alleged and the inferences of which they admit, may be briefly summarized as follows. The $1,500 note and mortgage were given for the balance owing on the purchase price of a parcel of land conveyed by Anna Wiener to plaintiffs' predecessors in title in consideration of a cash payment and the purchasers' notes for the balance of the purchase price, which was secured by a mortgage on the land. The purchasers' notes and mortgage were in favor of Sam and Anna Wiener, but were delivered to solely Anna Wiener. Title to the land and also another parcel had become vested in her by virtue of a quitclaim deed from Sam Wiener, pursuant to a written contract between them under which he had covenanted to convey the two parcels of land to her as secu-

rity for his performance of certain covenants under the contract, and further covenanted that if he failed to perform his covenants within a specified period, title to the lands would vest in her without any condition whatsoever. By reason of his failure to fully perform his covenants, Anna Wiener became the sole and absolute owner of the lands and the notes and mortgage executed by plaintiffs' predecessors in title, which she placed in the custody of her agent, Ben J. Wiener. After the plaintiffs paid $500 to her on those notes, they desired to replace them and the mortgage by the note and mortgage which they executed for $1,500 on October 14, 1931. Thereupon Ben J. Wiener delivered to plaintiffs a satisfaction of the prior mortgage upon the condition that their new note and mortgage would be delivered to him for Anna Wiener as her separate property, and that he would then surrender to plaintiffs their predecessors' notes and mortgage. Plaintiffs' new note and mortgage for $1,500 were, however, never delivered to Ben J. Wiener or Anna Wiener, although the interest thereon has been paid to her. Sam Wiener obtained and is in possession of the new note and mortgage. Anna Wiener refuses to release that mortgage and also the mortgage executed by plaintiffs' predecessors in title, unless the $1,500 secured thereby are paid to her by the plaintiffs.

If, as is shown by the allegations in her answer, Anna Wiener became, by virtue of her contract with Sam Wiener and his defaults in performing his covenants thereunder, the sole and absolute owner of the lands conveyed to her and of the notes and mortgage executed by plaintiffs' predecessors in title and delivered to her in payment of part of the purchase price; and if her satisfaction of that mortgage was delivered to plaintiffs on condition that their new note and mortgage for the balance of the purchase price would be delivered to Ben J. Wiener, as her agent, but that instead Sam Wiener wrongfully obtained possession thereof without her consent, then she would seem to be entitled thereto, and,

consequently, to judgment herein for the recovery of the entire amount owing thereon.

*By the Court.*—Order reversed, and cause remanded with directions to enter an order overruling the demurrer filed by the defendant Sam Wiener.