HOOPER *versus* PAIR.

QUESTIONS IN THIS CASE.

*As to evidence, in cases of the trial of right of property.*

*Rendition of costs against the sureties of a claimant.*

1. The claimant of property, levied on under an execution, can not impeach the fairness of the judgment, on which the execution issues, by evidence that it was fraudulently obtained.
2. A judgment, and proceedings under it, obtained by confession or default, against one whose property is subsequently levied on, under execution in favor of a stranger, form no evidence against the latter, in proceedings to try the right of property, to show the fairness of the debt, upon which the claimant obtained the first judgment.
3. In proceedings to try the right of property, levied on, under execution, judgment for costs cannot be rendered against the sureties to the bond given by the claimant.

This was a proceeding in the Circuit Court of Tuskaloosa, for the purpose of trying the right to certain slaves. The slaves had been levied on, under an execution issued upon a judgment, in favor of William Pair, as of the property of Obadiah Hooper; and were claimed by John M. Hooper.

On the trial, after the plaintiff in execution had closed his testimony, the claimant proposed showing, that the judgment on which the execution had issued in favor of the plaintiff, was obtained by fraud; in that, in the cause of action therein, was a covenant, wherein the said Obadiah Hooper had stipulated to make titles to certain lands: and the effect of the testimony was to show, that the covenant had

3 v. P.                    51

been performed ; and that the said Pair had received the titles, and was in peaceable possession of the land. But the Court refused to admit this evidence, and the claimant excepted.

The claimant, John W. Hooper, for the purpose of sustaining his claim, then offered, as evidence, transcripts of records of judgments obtained by confession and default, against the said Obadiah Hooper, under which he, the said claimant, had purchased the slaves in question, at a sale made by a sheriff, by virtue of the said judgments. In reference to this testimony, the Court instructed the jury, that a judgment by confession or default, when offered in evidence against a person, neither a party or privy to it, was not, of itself, evidence of indebtedness, on the part of the defendant in the judgment: and that it was necessary to show, by some extrinsic proof, that the defendant in execution was indebted to the claimant.

On this state of facts, a verdict finding the slaves subject to the execution, was rendered ; and a judgment for costs was entered against the claimant and his sureties to the bond.

The claimant took a bill of exceptions, and by a writ of error, removed the cause to this Court.

*Ellis & Peck*, for the plaintiff in error; *Wilson and Crabb*, contra.

Hopkins, J.—The first question presented by the record, in this case, is, has the claimant a right, upon the trial of the right to property, to prove that the judgment of the plaintiff in execution, had been fraudulently obtained by him? Into the compten-

cy of such evidence to procure any remedy which the common law or Chancery might have afforded to the claimant, if he had not resorted to the procedure allowed by the statute law, it is not necessary, now, to inquire.

The statute, under which the issue between the parties was made, directs, that it shall be so formed as to try the right of property; and the issue in the case, was, that the property was, at the time the levy of the execution was made upon it, subject to the satisfaction of the execution.[a] The statute neither authorises an issue which would, nor does the one in the case, question the regularity or justice of the judgment of the plaintiff in the execution. A verdict upon such an issue, must be, that the property belongs either to the claimant, or is subject to the execution against the defendant. The right of neither depends upon the judgment: neither claims the property under it. At the time of the trial of the right to the property, the judgment was a link in no one's chain of title to it. That the judgment was just, neither the law nor the issue, required the plaintiff to litigate, or authorised the claimant to inquire of. The admission of the evidence, which the claimant offered, to show that it had been fraudulently obtained, would have violated the settled rule, that requires all testimony, not pertinent to the issue, to be rejected.

We shall next inquire of the correctness of the instruction of the Circuit Court, to the jury, as to the effect of the evidence of the claimant which was offered and admitted.

The evidence consisted of a transcript of a record of a judgment by confession, of a Court in the State

[a] Aik. Dig. 168.

of Tennessee, in his favor, against the defendant in execution—a judgment, founded upon that rendered for him, by a Court of this State, by default, against the same defendant—an execution, which issued upon the latter judgment, and a sale of the property, by the sheriff, who levied the execution, to him.— upon this testimony, the Court instructed the jury, that a judgment by confession or default, was no evidence against the plaintiff in execution, who was neither a party nor privy to it, that the defendant in execution was indebted to the claimant, when such judgment was rendered. From the commencement of the first suit, to the end of the second, and the termination of the matter, in the sale of the property by the sheriff, no inquiry was, or could have been made either by the Court in Tennessee, or in this State, into the existence of the debt, alleged to be due from the defendant in execution, to the claimant. In one Court, it was confessed—in the other it was demanded; and the defendant did not appear to deny it. If the claimant had made title to the property through a bill of sale, from the defendant to him, which acknowledged the payment, by him, of an ample consideration, such an instrument, without proof, by a witness, that the consideration had been paid, or the payment of it secured, would have been no evidence against the plaintiff, of title in the claimant. A judgment, execution, and a sale, under the latter, form a mode of transferring property, from the defendant to the judgment, to the purchaser under the execution; but, as no point was tried, in the cause, the judgment, though it is conclusive evidence, against the defendant to it, that it was for a just demand, is no better proof against the plaintiff

in execution, than a bill of sale, without the testimo-
ny of a witness, that it was made upon a valuable
consideration would be.    In this transfer, the know-
ledge of the consideration for it, or the want of one, is as
exclusively confined to the parties, as it would be, if
the property had been sold by the defendant in execu
tion, to the claimant, in the absence of all persons, [a]Robertson
who might have been witnesses.                  F. C. 488,
                                                489—1Mar
We think there was no error in the instruction.[a] shall, 179.
But the Court erred, in rendering a judgment for
the costs, against the sureties of the claimant.

Let the judgment be reversed, and the proper
judgment be rendered, against the claimant,

COLLIER, J., not sitting.