No. 54.—DELOACH & WILCOXSON, plaintiffs in error, *vs.* MATTHEW H. MYRICK, defendant in error.

[1.] In the trial of a claim, it is not necessary for the plaintiff in execution to produce the judgment upon which *his execution is founded*, and the execution may be read in evidence without the judgment.

[2.] A levy upon real estate is not *prima facie* evidence of satisfaction, and although unaccounted for does not extingush the judgment.

[3.] Proof of the possession by defendant in execution, at the time or subsequent to the date of the judgment, of a slave of the same name, sex and age with the slave levied on :: Held, sufficient to cast the *onus* upon the claimant.

Levy and claim, in Upson Superior Court. Tried before Judge FLOYD, October Term, 1848.

An execution in favor of Matthew H. Myrick, issued from Upson Superior Court, against John R. Hudson and others, was levied on a slave by the name of Sandford, on the 26th day of August, 1847, which was claimed by the plaintiffs in error. The cause stood for trial on the appeal at the February Term of said Court, 1849.

The plaintiff offered in evidence the execution, which was objected to by claimant on two grounds.

1st. Because the judgment upon which it was founded should first be shown in evidence.

2d. Because there appeared on the *fi. fa.* a levy on land which had been dismissed by order of plaintiff's attorney, before the levy on said negro boy.

The objections were overruled and the *fi. fa.* admitted in evidence. The Court required the plaintiff to show that the negro boy, Sanford, was in the possession of Hudson at the time or since the dismissal of said levy, which was made the 2d April, 1844.

Plaintiff proved that a negro boy by the name of Sandford, was in the possession of Hudson from 1843 to 1846, and closed.

The claimant moved to dismiss the levy, on the ground that plaintiff had not cast the *onus probandi;* which motion the Court refused. Whereupon, claimant withdrew his claim, and excepted to the decision of the Court, and assigned error thereon.

HAMMOND & POWERS, for plaintiffs in error.

SMITH & HUNTER, for defendant in error.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] Upon the trial of this claim, the claimant objected to the execution going in evidence, until the judgment upon which it was founded was produced. The objection was overruled. We are asked to say whether that was or not an error. By the Common Law, the remedy of a party, whether the defendant in execution or a stranger, aggrieved by the levy of an execution upon property not liable to it, is an action of trespass. The rule of the Common Law is this: if the defendant in execution brings trespass against the Sheriff, he (the Sheriff) can justify, by the evidence of the writ, without producing the judgment; but if a third person brings trespass against the Sheriff, the Sheriff can defend only upon producing the judgment and the writ. The reasons given are these: In the *first case*, by proving that he took the goods in obedience to a writ against the plaintiff, he has proved himself guilty of no trespass; but in the *other case*, they are not the goods of the party against whom the writ issued, and, therefore, the officer is not justified by the writ in taking them. *Lake vs. Billers et al.* 1 *Lord Raymond*, 733. *Martin vs. Podgers et al.* 5 *Burrow*, 2631. *Buller N. P.* 234. 2 *Johns. Reports*, 45. *Doug.* 40. The reasons of the Common Law rule are brief, and it must be confessed not very satisfactory.

Our Statutes have given to persons, not parties to executions, remedies unknown to the Common Law, when they are levied upon property to which such persons have claim. They are found in our Claim Laws. The remedy provided in Georgia, by the interposition of a claim, is known to but few of our sister States. Statutes similar to ours obtain in Alabama. If the remedy by claim be considered as a substitute for the action of trespass as at Common Law, and be considered farther as controlled by the decisions in Great Britain upon that action, why then, the judgment ought to have been produced. The claimant, by our Statute, must be a person *not a party* to the execution. A Sheriff in England being sued by such a person, we have seen, could justi-

Deloach & Wilcoxson *vs.* Myrick.

fy only by producing the judgment and the writ. By analogy, as against the claimant here, it may be contended, that the plaintiff in execution must also produce the judgment as well as the writ. Whilst I admit that the remedy by claim in Georgia, has superseded the action of trespass, being more simple, more direct and more ample, yet I deny that *a claim in Georgia* bears any, or if any, a very close analogy to that action. It is very different—depends upon principles peculiar to itself—and we are, therefore, left free to frame a practice, under our Statutes, wholly irrespective of those doctrines which, in England, have been held applicable to actions against the officer. *The object of the claim is to try the question, whether the property levied on is subject to the execution or not, as against the title which the claimant sets up.* Subject or not subject, is the issue, and that issue is submitted to a Jury to find. Now, it will be remarked, that the levying officer is no party to this issue. There is no proceeding against him as in England; there is no judgment rendered against him. If the issue is found for the plaintiff in execution, he cannot, so far as I can see, be in any event injuriously affected by it—if for the claimant, he cannot be directly affected by it. His relations to the plaintiff, as ministerial officer, in that latter event, are such as the law has ascertained and declared them. If he has done his duty according to law, he is in all contingencies safe. Farther, I remark, the question whether the property be subject to the execution, does not depend alone upon the question whether the lien of the judgment has ever rightfully attached upon the property. By Statute, the lien of a judgment attaches from its date, upon all the property then owned, and subsequently acquired, by the defendant, unless such property, so owned, be subject to older and, therefore, better liens. The lien may have attached and be discharged. It may have been discharged by the act of the plaintiff, by the act of the Sheriff, by payment of the execution by the defendant, or by limitation laws. The issue is not, therefore, determinable alone by reference to the date of the judgment. It may depend upon something *supervenient* the judgment. I farther remark, that the claimant cannot rely upon the fact, that the lien of the judgment has never attached upon the property, and that alone; for, upon the plaintiff's making out a *prima facie* case, that is, according to our phraseology, *casting the onus* upon him, he will be required to show title in himself. He cannot succeed

by showing a title in a third person, better than the lien of the judgment. This is the reason of the matter. Not only is it reasonable, but it is deducible from the Statute; because the Statute requires the Court to which the claim is made returnable, "to cause *the right of property* to be decided on by a Jury." From these general views, I conclude that the issue to be tried in a claim case is, whether the property levied on be subject or not to the execution, as against the claim or title set up by the claimant. These views of the issue are necessary to the elucidation of the question whether the Court erred in ruling that the production of the judgment was unnecessary.

One of the provisos to the Claim Law, is as follows: " Provided, also, that the burden of proof shall be upon the plaintiff in execution, in cases where the property levied on is, at the time of such levy, *not in possession* of the defendant in execution." *Prince,* 448. Upon the trial of the issue, made as I have stated, between the plaintiff in execution and the claimant, it is obvious, from the whole Act, and particularly from this *proviso,* that the Legislature intended that the plaintiff in execution should, in the first instance, be held to make out a *prima facie* case only. The *levy* must precede the interposition of the claim. At the time of the levy, it is not to be inferred that there will be a claim. The law contemplates—the whole machinery of the Claim Laws contemplates—in advance of any issue, a plaintiff with a process regularly obtained. For without such a process—certainly without *a process*—there can be no such thing as a claim at Sheriff's sale. The levy being made and a claim put in, and the issue joined, if it is apparent from the Sheriff's entries, or by proof, that the property was in the possession of the defendant, at the time of the levy, the plaintiff need proceed no farther—he may rest his case, and the claimant must show his title. The *onus* is cast. Possession in the defendant to an execution, levied by the Sheriff, raises the presumption that the property is liable.

The *proviso* contains a negative pregnant. It declares that, in cases where the property is *not* in the possession of the defendant, the burden of proof shall be on the plaintiff. The affirmative with which this negative is pregnant is, that if the defendant *is* in possession, the burden of proof shall not be upon the plaintiff—that is, the possession in that case shall be sufficient to cast the burden on the claimant. Now, in all such cases, the plaintiff

is required to make out only a *prima facie* case. *Farther*, in cases where the possession *is not* in the defendant, and the plaintiff takes the burden of proof, what is that burden? In our judgment, not to show a judgment, execution, levy and an unextinguished lien, but to show what is equivalent to possession in the defendant—what is, in other words, a *prima facie* case. For example, the burden is to show a process, levy, and that the property was in possession of the defendant at the time or after the judgment was rendered, so that the lien would attach upon it. Upon whom is it equitable that the burden should rest of making out a perfect case—the vigilant creditor who is, with his process in his hand, arrested in his efforts to realize his money, or the claimant who arrests him? The practice in our Circuit Courts is now and has been, I believe, from the beginning, in accordance with this construction of the Claim Laws. These things being so, we think that, when the plaintiff produces an execution, regular upon its face, and duly levied, the Court ought, in a claim case, to presume that the Sheriff has acted by rightful authority; that it is founded on a valid judgment, and that it ought to be admitted in evidence without producing that judgment.

In Alabama, where there are Claim Laws similar to our own, this question has been so determined. *Carlton et al. vs. King*, 1 S. & Port. 472. See, also, *Hooper vs. Pair*, 3 *Porter*, 401.

[2.] The second ground of error is the decision of the Court below, that the levy of an execution upon lands, dismissed by order of the plaintiff's attorney, and not otherwise accounted for, is not a satisfaction of the judgment. Whether the dismissal of a levy upon *personal property* by the attorney, not appearing to be by authority or consent of the plaintiff, will be a satisfaction of the judgment, may be a serious question. In New York it has been held that it will not. We find no necessity in this case to determine that question. We hold, that a levy dismissed upon lands, is no discharge of the defendant. A levy upon lands, unaccounted for, is no satisfaction of the judgment. A Sheriff, by a levy on lands, acquires in the land no such qualified property as he acquires by a levy on and seizure of personal property, and, therefore, incurs no such liability to the plaintiffs as he incurs in case of personal property. A levy upon real estate is not, as a levy upon personal property sufficient to pay the debt is, *prima facie*, a satisfaction. The lien of a judgment in Georgia, attaches

upon real estate equally with personalty, and that lien is not discharged by a levy.    By Statute in Georgia, the Sheriff is required, when he levies upon land, to leave with the owner or tenant in possession, notice, in writing, of the levy, if such owner be in the County, or if there be a tenant in possession; and if there is no tenant, then he is required to transmit the notice to the owner within five days from the levy.    He cannot take possession of the land, and he need not, as it is immovable.    " A levy on land, (says *Butler, J.* in *Gassaway vs. Hall and others,*) seems to me to be nothing more than a specific declaration by the Sheriff, on the execution, that the land is liable to a specific lien, and that the Sheriff has asserted his legal authority to sell it.    This assertion gives him a constructive right to the land, so that he may divest its owner of title at any time he may choose to sell it.    It is making the lien by judgment enforceable by the Sheriff, and thus connects him with, and gives him control over, the land," &c.    3 *Hill's S. C. Reps.* 292.    14 *Wend.* 260.    23 *Ib.* 490.    4 *Hill's N. Y. R.* 619.    4 *Mass. R.* 403.    1 *Penn. R.* 425.    5 *Yerger,* 227.    6 *Ib.* 305.    8 *Johns. Rep.* 544.

[3.]  Again, it is complained that the Court erred in ruling that the *onus* was shifted in this case.    The evidence was, that a negro man, of the same name with that levied on, had been in possession of the defendant in execution for several years after the judgment was rendered, and that he exercised over him acts of ownership. The plaintiff in error insists that the proof is insufficient to cast the *onus probandi* upon the claimant, because it does not establish the identity of the slave about which the witnesses testified, with the slave in controversy.    We have seen that it is only necessary, in the first instance, for the plaintiff in execution to make out a *prima facie* case.    The identity here is not perfectly established— yet there is some evidence of identity.    Possession of a slave by the'defendant in execution, at the time or subsequent to the date of the judgment, of the same name, sex and age with the one levied on, we hold sufficient to cast the *onus* upon the plaintiff.    As to what shall be sufficient evidence to do this, that is left to the discretion of the presiding Judge, and in a matter within his discretion, we will not interfere, unless his discretion has been plainly exercised contrary to law.

Let the judgment be affirmed.