# Millitello *v.* B. F. Roden Grocery Co.

## *Claim Suit.*

(Decided November 7, 1914. Rehearing denied December 17, 1914. 67 South. 420.)

1. *Estoppel; Pleading; Necessity.*—Unless the case is such that it cannot be, an estoppel must be specially pleaded when it is relied on as a defense.

2. *Same; Grounds; Change of Position in Judicial Proceeding.*— Where the summons and complaint was against J. M., and had been

[Millitello v. B. F. Roden Grocery Co.]

served on V. M., who appeared and filed special plea which was stricken on the statement by the attorney of the plaintiff that he was not suing V. M., and the court, in the presence of counsel for plaintiff, stated that if execution on the judgment therein entered was levied on the property of V. M., the officer levying would be liable in damages, plaintiff was estopped to assert that V. M. and J. M. was the same person, when V. M. claimed the property levied on to satisfy the judgment, since an estoppel, is the rule that where a fact has been asserted or an admission made through which an advantage has been derived from another, or upon the faith of which another has been induced to act to his prejudice, so that a denial of such assertion or admission would be a breach of good faith, the law precludes the party from rebutting such representation by afterwards denying the truth of the admission, and applies to the conduct of causes in court, and the result thereby obtained.

3. *Execution; Claim by Third Party; Pleading; Estoppel.*—Where execution has been levied upon property, and claim is filed thereto under section 6039, Code 1907, the only proper issue on the trial is whether the property levied on is subject to the process, and under that issue, any evidence bearing thereon, including evidence of an estoppel, may be introduced; hence, a claimant is not prejudiced by the sustaining of demurrers to his pleas setting up an estoppel.

4. *Same; Regularity of Judgment.*—In a statutory claim suit to property levied on under execution, the claimant cannot question the regularity of either the judgment or the execution, where the process is not void on its face.

5. *Same; Issues of Stock.*—A contention that by his assertion before obtaining the judgment that the judgment debtor and the claimant were not one and the same person, plaintiff had estopped himself from claiming that they were not, is not an attack upon the regularity or validity of the judgment in the statutory claim suit to try the claim to property upon which an execution had been levied, and evidence to sustain such contention is admissible.

(Sayre, J., dissents.)

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

The B. F. Roden Grocery Company had judgment against J. Millitello and had execution issued thereon, and levied upon property which was claimed by V. Millitello. On the trial of the claim suit there was judgment for the execution plaintiffs, and the claimant appeals. Reversed and remanded.

Transferred from the Court of Appeals under the act creating said court.

JAMES A. MITCHELL, for appellant.

THOMPSON, THOMPSON & BACHRACH, and GUY M. THOMPSON, for appellee.

GARDNER, J.—The B. F. Roden Grocery Company obtained a judgment against one Jim Millitello, in the Birmingham court of common pleas, an inferior court with the jurisdiction of a justice of the peace, upon which judgment execution was issued and levied upon certain property claimed by V. Millitello; and, upon such claim being interposed, a trial of the right of property was had in said court as provided by statute (section 6039 et seq. of the Code of 1907), resulting in judgment for the plaintiff, and the claim suit was removed by appeal to the city court of Birmingham, where the trial of the claim suit again resulted in judgment for the plaintiff, from which judgment the claimant prosecutes this appeal.

The cause was transferred to this court under the provisions of Acts of 1911, p. 449.

Plaintiff in the court below tendered what might be termed a "special issue" in the cause, to the effect that the property levied on as the property of Jim Millitello, and which is claimed by V. Millitello, in this, that V. Millitello is the same person as Jim Millitello, and that the claimant, V. Millitello, held himself out to plaintiff as being Jim Millitello, and purchased goods from plaintiff under that name, etc. This tender of issue was stricken by the court on motion.

The plaintiff then tendered the issue as provided by section 6040 of the Code, to the effect that the property levied upon as the property of Jim Millitello, and which is claimed by V. Millitello, is the property of Jim Millitello, and is liable to the satisfaction of the said writ.

The claimant interposed, in addition to a plea taking issue on the tender, two special pleas, numbered 2 and

3, in which he sought to set up certain matters by way of estoppel, to the effect that the plaintiff was estopped from setting up and now claiming that Jim Millitello and V. Millitello are one and the same person. The substance of these pleas need not now be stated, as it will sufficiently appear in comment upon the testimony subsequently offered upon the question of estoppel, which was excluded by the court. Demurrer to these pleas was sustained.

(1) We recognize the rule in this state that an estoppel relied upon as matter of defense must be specially pleaded.—*Jones & Co. v. Peebles,* 130 Ala. 269, 30 South. 564; 16 Cyc. p. 806.

The following quotation, found in *Jones v. Peebles, supra,* is in point: "If a party has opportunity to plead an estoppel, and voluntarily omits to do so, and tenders or takes issue on the fact, he thus waives the estoppel, and commits the matter to the jury, who are to find the truth.  *  *  * But if he have not the opportunity to show the estoppel by pleading, he may exhibit the matter thereof in evidence on the trial under any issue which involves the fact, and both the court and jury are bound thereby."

Likewise apt is the following, from 16 Cyc. p. 806, cited above: "At common law an estoppel in pais need not be pleaded, but under the statutes of the various jurisdictions it is now almost universally necessary that it should be. If, however, the state of the case is such that the estoppel cannot be pleaded, it may be given in evidence, and in such case it will be equally conclusive as if it had been pleaded."

(2) In the case of *Lehman, Durr & Co. v. Warren,* 53 Ala. 535, it was held that the only proper issue on the trial of the right of property is an affirmation by the plaintiff in the process that the property levied on

is subject to the process, and a denial of the fact by the claimant. Says the court: "It was never intended the proceeding should be embarrassed by formal pleading, either in the form of complaint, or plea, or replication, or rejoinder. The introduction of such pleading tends only to confusion, and to mar the simplicity of the proceeding, as it is authorized by the statute."

In the case of *Warren v. Liddell,* 110 Ala. 232, 20 South. 89, it was said that: "The form of issue on the contest * * * is largely within the discretion of the court, is not subject to demurrer, nor governed by the rules of pleading."

We therefore conclude that while, as a general rule, estoppel as a defense must be specially pleaded, yet in the statutory trial of the right of property, where the form of the issue is largely within the discretion of the court, and its substance is prescribed by the statute, the only proper issue is an affirmation by the plaintiff in the process that the property levied on is subject to the process, and a denial of the fact by the claimant, and that in such case, such an issue is sufficient to authorize the plaintiff to introduce evidence of every fact showing the property liable to the process, and the claimant to give evidence of every fact showing that there resides in him a superior right of property.

We are therefore of the opinion that no necessity existed for the special pleas of estoppel, and that error to a reversal cannot be predicated upon the ruling of the court sustaining the demurrer to said pleas.

(3) This brings us to a consideration of the pivotal question in the case—that of the evidence offered by the claimant to show the estoppel, which evidence was, on motion of plaintiff, excluded by the court.

For an understanding of the question it is necessary that this proffered testimony be given, which is found

principally in that of counsel for claimant, who testified as follows: "On the 6th day of December, 1912, I went to the second division of the Birmingham court of common pleas, accompanied by my client, V. Millitello, the claimant here. V. Millitello had been served with a copy of the summons and complaint in the case of *B. F. Roden Grocery Company v. Jim Millitello,* No. 14559 on the docket of said court, and I was unable to tell whether V. Millitello was the party sued in that cause or not. Before leaving my office I drew up some pleas to be filed in the said case, and also an affidavit denying the correctness of the account sued on, and had Millitello to make the affidavit on each of the said two papers. Upon arriving at the said court, I found Mr. Guy M. Thompson there as the attorney representing the plaintiff. I told him that the party with me was V. Millitello, and that he had been served with a copy of the summons and complaint in the case of *B. F. Roden Grocery Company v. Jim Millitello,* but I believed he had the wrong man; however, if Thompson would state to me that this was the man he was suing, I would file pleas in the case and defend it. Thompson replied to me: 'You had better go ahead and file your pleas.' Thereupon, I filed in the case the pleas and affidavit denying the correctness of the account sued on, which I had prepared and which are in the file, and are in words and figures as follows: [The pleas are here omitted.] After the filing of the pleas, and before the case was called, Thompson tried to engage V. Millitello in conversation, and showed him some signatures on some writings he had, and asked Millitello if he did not sign those names thereto, which Millitello denied. V. Millitello remained in court with me. When the case was called for trial, the said Guy M. Thompson arose and said to the court: 'V. Millitello has filed

some pleas in this case. The plaintiff is not suing him, and I move the court that the said pleas be stricken from the file.' I then said to the court, Judge H. B. Abernethy presiding, that a summons and complaint had been served upon this man V. Millitello, and that the number of his store was indorsed on the back of the summons and complaint as the residence of the defendant; that the plaintiff had told the said V. Millitello, when he asked about it, that he had better make his defense in court; and I also told the court about the conversation I had had with plaintiff's said attorney before the case was called. And I insisted upon being allowed to make defense for V. Millitello in the case, and said to the court that it might be later contended that Jim Millitello and V. Millitello are one and the same person. Thereupon Judge Abernethy said to me: 'Mr. Thompson says he is not suing your man, and the papers in the case show that he is not suing your man.' The court of common pleas then having intimated that, if the officer's, return showed service on the defendant, he ought to enter up judgment for the plaintiff, and I again protested on behalf of V. Millitello, and said to the court, that, if a judgment should be rendered in that case against Jim Millitello, an execution issued thereunder might be levied on the goods of V. Millitello; and Judge Abernethy replied: 'If the officer levies on the goods of V. Millitello, he will be liable for damages.' The said court thereupon announced that he would strike the pleadings that I had filed for V. Millitello from the file, and the court refused to allow the said V. Millitello to make defense to said action. I then stated to Judge Abernethy that, if that was his ruling, he should make an entry on his docket to the effect that 'Pleas filed by V. Millitello are stricken from the file, upon plaintiff's attorney stat-

ing to the court that the plaintiff is not suing him.' Judge Abernethy announced from the bench that that entry would be made. Guy M. Thompson, attorney for plaintiff, was standing before the court all this time and heard the ruling, and the said V. Millitello was also sitting in the courtroom in the presence of the court and of said Thompson. Thereupon I. and my client, V. Millitello, left the courtroom. The judgment that was entered in the case was rendered after we left."

The plaintiff offered testimony to the effect that claimant had, in dealing with it, represented that he was Jim Millitello, and that Jim Millitello and V. Millitello were one and the same person.

Claimant offered testimony to the effect that he was never known as or called Jim Millitello, so far as he knew, and had never so represented himself to plaintiff, and offered many witnesses to show that they knew and dealt with him by the name of V. Millitello, and that name only. All the proof tends to show that the account sued upon was for merchandise sold in 1907, and the claimant claimed that the goods so purchased by him in 1907 from plaintiff had been by him paid for.

This record therefore discloses that the plaintiff in the claim suit trial was relying for recovery upon the fact that Jim Millitello and V. Millitello were one and the same person, as the proof is without conflict that the property levied upon was the property of V. Millitello.

The testimony offered by the claimant shows that he went with counsel prepared to defend against the suit of B. F. Roden Grocery Company v. Jim Millitello, should he be the party against whom the suit was brought. He had, in fact, by counsel, filed pleas in the cause, but they were stricken on motion of the plaintiff, for the reason that it was stated he was not the party sued.

[Millitello v. B. F. Roden Grocery Co.]

Upon the statement and ruling of the court, either induced or acquiesced in by counsel for plaintiff, claimant made no defense to the cause, and left the court room with his counsel, after which the judgment was rendered against Jim Millitello. He was at no fault. Every necessary precaution had been taken by his counsel. If he was the party sued, but by wrong name, a willingness to waive any misnomer was shown, for plea 1, filed by him, which was stricken on motion, states, "Now comes V. Millitello, sued herein as Jim Millitello," etc., and he was told in court that he was not being sued. His counsel was assured by the court—all of which was in the presence and hearing of counsel for plaintiff—that an officer levying upon goods of V. Millitello upon such judgment would be liable in damages.

An old authority has given a definition of estoppel, as follows: "An estoppel is where a man is concluded and forbidden by law to speak against his own act or deed; yea, even though it is to say the truth."—3 Words and Phrases, p. 2494.

In *Caldwell v. Smith*, 77 Ala. 165, it was said: "It was anciently said that estoppels were odious, because they stopped or closed one's mouth from alleging the truth. * * * But, in modern times, the doctrine has certainly lost its odium, and may now be regarded as one of the 'most important, useful, and just agencies of the law.' * * * It has its origin in moral duty and public policy; and its chief purpose is the promoting of common honesty, and the prevention of fraud. Where a fact has been asserted, or an admission made, through which an advantage has been derived from another, or upon the faith of which another has been induced to act to his prejudice, so that a denial of such assertion or admission would be a breach of good faith, the law precludes the party from repudiat-

ing such representation, or afterwards denying the truth of such admission. * * * So a party who either obtains or defeats a judgment, by pleading or representing anything in one aspect, is generally held to be estopped from giving the same thing another aspect, in a suit founded upon the same subject-matter."

In *Wheeler v. Armstrong,* 164 Ala. 442, 51 South. 268, it was said: "It is true that under our practice a party is allowed to file inconsistent pleas and to make inconsistent defenses in the same suit; but he will never be allowed to invoke an action of the court, and receive a benefit by reason of such action, and then take advantage because of such action which he invoked and by which he profited."

In the case of *Jones v. McPhillips,* 82 Ala. 102, 2 South. 468, the court, speaking through Chief Justice Stone, said: "The conduct of causes in court, and the results thereby attained, have sometimes been held as working an estoppel in pais, precluding the party, who thereby obtained a decision in his favor, from afterwards disputing or controverting the truth of the ground on which he had achieved his former success Such cases combine all the elements of estoppel set forth above. To allow a party who succeeds in defeating one action, on a seeming state of facts, though false, to shift his ground, and defeat a second action, by disproving the truth of his first defense, would be to sanction the grossest abuse and fraud."

"A claim made or position taken in a former action or judicial proceeding will estop the party to make an inconsistent claim or take a conflicting position in a subsequent action or judicial proceeding to the prejudice of the adverse party, where the parties are the same and the same questions are involved. Thus a party who has successfully interposed a defense or objection

in one action or proceeding cannot shift his ground and take a position in another action or proceeding which is so inconsistent with his former defense or objection as necessarily to disprove its truth."—16 Cyc. 799, 800.

Indeed, the doctrine of estoppel has been applied to one who, as husband of the defendant, merely testified for the wife in support of her defense. The suit was for forcible entry and detainer against the wife. She defended on the ground that what was done was wholly the act of the husband, for which she was in no way responsible, and her defense was sustained by his testimony. In a subsequent suit for unlawful detainer of the same premises, brought against the husband, he was not permitted to defend, on the ground that he was acting as agent of the wife.—*Luling v. Sheppard,* 112 Ala. 588, 21 South. 352. See, also, 16 Cyc. 801, 796.

Numerous definitions of estoppel in pais may be found in the above-cited volume of Words and Phrases, and it is unnecessary to cite further authorities or to give other quotations.

We are persuaded that the testimony offered, above set out, and which was excluded, was sufficient to create an estoppel against the plaintiff from setting up in the claim suit that Jim Millitello and V. Millitello were one and the same person. Indeed, counsel for appellee do not seem to insist that such would not ordinarily give rise to an estoppel, but the insistence seems to be that the claimant in such a case is not permitted to impeach the judgment recovered in the principal suit, and that such is the effect of the effort made by claimant.

(4) We recognize it as the general rule of law that in the trial of such statutory claim suit the claimant cannot question either the regularity of the judgment

or that of the execution.—*Hooper v. Pair,* 3 Port. 401, 29 Am. Dec. 258; *Harrell v. Floyd,* 8 Ala. 16; *Dent v. Smith,* 15 Ala. 290; *Schamagel v. Whitehurst,* 103 Ala. 260, 15 South. 611; *Nordlinger v. Gordon,* 72 Ala. 239.

When the process is void upon its face, of course a different question arises, with which we are not here concerned.—*Nordlinger v. Gordon, supra; Wiggs Bros. v. Ringemann,* 155 Ala. 189, 45 South. 153.

(5) It is clear from the authorities that, for the purpose of impeaching the judgment obtained by the plaintiff, the claimant in this suit cannot show that the judgment was obtained by fraud. But such is not the effort, nor the purpose of the claimant. He does not here seek to have the judgment declared void, set aside, nor to have the same in any manner disturbed. He merely says that in obtaining that judgment, the plaintiff misled him, to his injury, by insisting in court that he was not the party sued, that V. Millitello was not Jim Millitello, the latter being the name of the party actually sued, and thereby depriving him of the privilege of making and presenting his defense.

The judgment against Jim Millitello stands unquestioned and unassailed. What the claimant does say and insist, however, is that the plaintiff, having represented in that proceeding that Jim Millitello and V. Millitello were not one and the same person, cannot now be heard to say to the contrary, and insist that they are one and the same. The mere fact that the proof offered might be sufficient to avoid the judgment in a court of equity (a question we have not before us) would be a mere incident, and would in no manner affect the question of estoppel here sought to be interposed.

We are therefore of the opinion that the authorities relied upon by counsel for appellee, do not at all militate against the conclusion here reached, and that the

court below erred in excluding the testimony of said witness.

For like reasons we think that claimant should have been allowed to show by the witness J. M. Bonner what was said by the court in reference to the matters testified to by the witness James A. Mitchell in the presence and hearing of the counsel for the plaintiff. We see no merit in the insistence for the affirmative charge for the claimant.

We have here treated the questions of prime importance in the case. The rulings of the trial court were not in accord with the conclusion we have here reached.

The judgment of the court below is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN, MAYFIELD, SOMERVILLE, and DE GRAFFENRIED, JJ., concur. SAYRE, J., dissents.

SAYRE, J.— (Dissenting.)—The record and opinion in this case have produced in my mind the strong impression that appellant, Millitello, by reason of the fact that he bought under one name and sold under another, has been allowed a privilege not enjoyed by the ordinary trader, whose name, like his personal identity, is fixed. It must be assumed that Jim Millitello and V. Millitello are one and the same person, for so appellant claimed in the trial of the original cause, nor was he denied the right to show that they were different persons on the trial of the right of property. The legal effect of his claim, and of the evidence he offered in support of it, was that, if he had not been misled by the attorney for the plaintiff in the original suit, he would have defeated a recovery, not by showing that

Jim Millitello and V. Millitello were different persons, but that, being the same person, he did not owe the debt in suit; in other words, intervening as claimant, he is allowed to defend as defendant. Since *Hooper v. Pair,* 3 Port. 401, 29 Am. Dec. 258, decided nearly 80 years ago, and followed in two score cases, it has been the law of this state that the claimant, in a proceeding to try the right of property, cannot impeach the validity of the judgment on which execution has issued, by evidence that it was erroneously rendered or fraudulently obtained. The promise of this principle is conceded in the prevailing opinion, but its realization is avoided in this case on the ground that appellant was misled by plaintiff's insistence that the suit was against Jim, not V., as if anybody knew his name better than he, or as if an adult person in the possesion of his faculties could be misled as to his own name; and so appellant, virtually confessing that he is and was the defendant in the original suit, is allowed to defeat the execution of the judgment there rendered by showing that he had a good defense. Knowing and there conceding that he was the person sued, appellant should have insisted on his defense, and, if he were denied the right to defend, he had ample remedy by a direct proceeding to reverse the judgment, if it was erroneously rendered, or to vacate it, if procured by fraud. Not only so, but the evidence on which this reversal is founded tends to prove, not that plaintiff in the original cause misled defendant, but, to the contrary, that defendant misled plaintiff, as I think will appear upon analysis of what the parties did and said on that occasion. For these reasons I cannot agree with the opinion and ruling of the court.