(78 South. 960)

MILLITELLO v. B. F. RODEN GROCERY CO. (6 Div. 744.)

(Supreme Court of Alabama. May 9, 1918.)

APPEAL AND ERROR ⊜⊶1099(7)—FORMER DECISION—LAW OF CASE.

The Supreme Court's conclusion on former appeal that certain testimony of claimant excluded was sufficient to create an estoppel against plaintiff from setting up in the claim suit that two persons were one and the same became the law of the case, entitling claimant to the general affirmative charge on a second trial, unless evidence contradicting his testimony creating the estoppel was introduced.

Mayfield and Sayre, JJ., dissenting.

Appeal from Circuit Court, Jefferson County; John H. Miller, Judge.

Claim by V. Millitello to property on which execution was levied in aid of a judgment in favor of the B. F. Roden Grocery Company. Judgment for plaintiff, and claimant appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Reversed and remanded.

Samuel B. Stern and James A. Mitchell, both of Birmingham, for appellant. Thompson, Greene & Thompson, of Birmingham, for appellee.

McCLELLAN, J. This is the second appeal in this cause. Millitello v. Roden Grocery Co., 190 Ala. 675, 67 South. 420. Expressing this court's conclusion upon the action of the trial court in excluding evidence disclosing an estoppel against the plaintiff (appellee) to assert that Jim and V. Millitello were one and the same person, it was said in the opinion on the former appeal:

"We are persuaded that the testimony offered, above set out, and which was excluded was sufficient to create an estoppel against the plaintiff from setting up in the claim suit that Jim Millitello and V. Millitello were one and the same person."

That was the point of the ruling and the complete pertinent effect of the decision on the appeal. The propriety of the action of the court in refusing the general affirmative charge requested by the claimant (appellant) could not have invited this court's opinion with reference to the sufficiency of the whole evidence to establish the asserted estoppel, since the testimony disclosing the estoppel relied on by the claimant, which was expressly declared by this court to have been sufficient (if it had been admitted) to create the estoppel asserted by the claimant, was excluded. The allusion to the general affirmative charge on page 687 of the report of the appeal had no reference to the estoppel feature of the contest.

On the trial, after reversal, the court refused the general affirmative charge requested by the claimant. In so far as the testimony bearing on the matter of estoppel offered by the claimant is concerned, there is no substantial, real difference between the testimony recited in the opinion in 190 Ala. 675, 67 South. 420, and that set forth as offered for the claimant in the present bill of exceptions. So, unless there is evidence or reasonable inference from evidence contradictory in some material respect of the claimant's testimony which afford the bases for the above-quoted conclusion of this court that the estoppel relied on by the claimant was created, the claimant was entitled to the general affirmative charge.

The whole evidence has been read and considered by the court, and the conclusion therefrom is that the claimant (appellant) was entitled to the general affirmative charge.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE, GARDNER, and THOMAS, JJ., concur. MAYFIELD and SAYRE, JJ., dissent.

───────────────────────────────

⊜⊶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes