(89 South. 503)
**WALLS et al. v. DOWNING.** (5 Div. 785.)

(Supreme Court of Alabama. May 12, 1921. Rehearing Denied June 23, 1921.)

**1. Estoppel ⬥94(1)—One who induced another to purchase timber by agreement to use it in sawmill estopped from claiming interest therein.**

Sawmill proprietor who induced another to purchase the timber on certain land by agreeing to buy it for his sawmill, without intimating that he claimed any right in such timber, was estopped by reason thereof from asserting any claim as against such purchaser.

**2. Estoppel ⬥116—Burden of establishing defense of estoppel upon defendant.**

In action to restrain cutting and removal of timber, defendant, claiming that plaintiff was estopped from claiming an interest in the timber, had the burden of proving such estoppel.

Appeal from Circuit Court, Tallapoosa County; Lum Duke, Judge.

Bill by T. C. Downing against T. A. Walls and others to restrain cutting and removing timber. From a decree for complainant, respondents appeal. Reversed and rendered.

James W. Strother and James Percy Oliver, both of Dadeville, for appellants.

Chancery was without jurisdiction. 127 Ala. 84, 28 South. 698; 92 Ala. 490, 9 South. 262; 104 Ala. 138, 16 South. 131; 101 Ala. 267, 14 South. 466. The defendant should have prevailed on his defense of estoppel.

Thomas L. Bulger, of Dadeville, for appellee.

Counsel discuss certain issues in the case, but do not discuss the matters referred to in the opinion.

GARDNER, J. Appellee filed the bill in this cause to enjoin respondents (appellants) from cutting and removing certain timber on the lands therein described, and from the final decree granting relief sought the respondents prosecute this appeal.

Several questions are suggested by the record, and different reasons and defenses presented by the respondents against the decree appealed from, but upon a careful examination of the evidence in the case we are convinced that the result of this appeal may well rest upon one proposition, and we therefore confine our consideration and decision to this one question.

F. M. Smith, Sr., was the owner of the land, and made a party respondent, but died pending the suit, and revivor had against his personal representative. In October, 1903, he conveyed by warranty deed all the pine timber on the land here in controversy to J. B. Huggins & Son, with the stipulation embraced in the deed that the grantees were to have until December 31, 1910, to cut and remove said timber. The right of ingress and egress over said lands was granted "during said term, or until the expiration of the time under this agreement in which they are to have the right to handle and dispose of the timber hereby sold." Complainant claims through Huggins & Son by virtue of an unrecorded quitclaim deed executed in November, 1910, reciting a consideration of $1. Huggins & Son turpentined this timber for three or four years, and abandoned the premises some time prior to 1910. Complainant insists that upon his purchase Huggins & Son placed him in possession; that he went on the land once or twice, and at one time had a notice against trespassers placed thereon, and in 1910 he cut some of the timber into shingles. During all this time F. M. Smith, the owner of the land, was in possession thereof, and the preponderance of the testimony goes to show that the cutting of the timber into shingles was under an agreement with Smith whereby Smith was to get one-tenth thereof. This work was carried on for only a short time, and the testimony convinces us that it was not done under any asserted right of the complainant

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

under the deed of 1910, but was done, as previously stated, under an agreement with the owner of the land, and that, as a matter of fact, complainant has shown no open and notorious assertion of right or title to the timber. Since 1910 nothing tending in that direction is shown to have been asserted by complainant. Respondent T. A. Walls is the party really interested in the result of this suit. The other respondents, aside from Smith, the owner of the land, being merely his agents in the cutting of the timber. Walls insists that he was removing this timber as a purchaser, having paid in 1918 the sum of $75 therefor to Smith, the owner, and that he knew nothing of any asserted claim on the complainant's part. On the contrary, he sets up in his answer, and supports it by his testimony that something less than a year prior to his purchasing the timber the complainant requested him to purchase said timber from Smith for him [complainant] for the sum of $50, if possible, but not to pay more than $75; that pursuant to said request Walls entered into negotiations with Smith, and finally reached an agreement for the purchase thereof for $75, but complainant failed to pay the same, and at last declined to purchase, saying he had decided to move his sawmill to another location, and suggested to said Walls that he buy the timber from Smith for his own use; that complainant did not tell him, or even intimate to him, that he owned the timber or claimed any right thereto; and that when he bought and paid for the timber he had no notice or knowledge whatever that complainant had, or would attempt to assert any claim.

[1] These facts are specially pleaded by Walls as an estoppel against complainant from now asserting any title to the timber. If they are true, clearly the defense is made out. In Caldwell v. Smith, 77 Ala. 165, speaking of the question of estoppel as now recognized as one of the most important and just agencies of the law, the court said:

"It has its origin in moral duty and public policy; and its chief purpose is the promotion of common honesty and the prevention of fraud. Where a fact has been asserted, or an admission made, through which an advantage has been derived from another, or upon the faith of which another has been induced to act to his prejudice, so that a denial of such assertion or admission would be a breach of good faith, the law precludes the party from repudiating such representation, or afterwards denying the truth of such admission."

See, also, Millitello v. Roden Gro. Co., 190 Ala. 675, 67 South. 420; A. S. Knowles D. G. Co. v. Gunter, 204 Ala. 411, 85 South. 735; A. G. S. R. R. Co. v. S. & N. R. R. Co., 84 Ala. 570, 3 South. 286, 5 Am. St. Rep. 401.

The sole question, therefore, is whether or not this defense is sufficiently established by the proof. The complainant denies that he had any agreement or conversation as above outlined with respondent Walls. Since the passage of the act of 1915 (page 594) it has not been the policy of this court to enter into a detailed discussion of questions of fact. We think, therefore, a general reference to the testimony will suffice. The estimated value of the timber on this 80 acres of land varies from the sum of $75 to $350. Complainant does not state in his testimony what he paid for the quitclaim deed from Huggins & Son; the deed itself reciting a consideration of $1. At the time of his purchase from Huggins & Son the time limit for the removal of the timber by the latter under the deed from Smith had been very nearly reached. He made no open assertion of his rights under this conveyance, and several witnesses who appear to be disinterested testify that "even the timber which was cut for shingle purposes by complainant in 1910 was under an agreement with Smith, the owner, whereby he was to receive one-tenth thereof." The testimony of Alice Smith, the daughter of F. M. Smith, and that of Matt Locke, shows that as late as 1917 or 1918 the complainant went to said F. M. Smith to purchase the timber on this land, but that the agreement was never consummated. The testimony of these two witnesses, especially that of Alice Smith, who appears to be entirely without interest in the result of this suit, in other particulars very strongly corroborates the theory of this defense.

The evidence leads the mind to the conclusion that evidently the complainant paid but a nominal sum for the deed from Huggins, and at the time of the conversation with Walls and at the time of the purchase by the latter, as well as a long time prior thereto, placed little value upon this transfer.

[2] We recognize that the burden of proof was upon respondents to establish the defense of estoppel, but after a careful study of the evidence we are persuaded the corroboration of their testimony should suffice to sustain this burden, and upon this defense respondent Walls should have prevailed in the court below.

We therefore conclude that the decree should be reversed, and one will be here rendered dismissing the bill.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.