(123 So. 15)

## ALLISON LUMBER CO. v. ROBINSON.
### (2 Div. 939.)

Supreme Court of Alabama.   May 9, 1929.

Rehearing Denied June 27, 1929.

Jas. R. McDaniel, of York, and Patton & Patton, of Carrollton, for appellee.

BOULDIN, J.   The action is on the common counts to recover amount alleged to be due for sawlogs sold and delivered by the plaintiff to the defendant.

That logs were delivered and accepted, and that the stipulated price has not been paid, is without dispute.

The substantial defense set up is this: That defendant owned a tract of standing

Gray & Dansby, of Butler, and Thos. F. Seale, of Livingston, for appellant.

timber purchased by timber deed from John A. Pennington; that plaintiff owned standing timber on other lands in the same locality; that the defendant made a contract with plaintiff to purchase logs at stated prices delivered at railroad points; that plaintiff not only cut his own timber, but also cut the Pennington timber owned by defendant, and delivered same; that, on learning its own timber had been delivered, defendant paid for the logging, but declined to pay the price going to the plaintiff.

The plaintiff claims that the contract of purchase included the Pennington timber; that this timber had reverted to the grantor, was no longer the property of defendant, and had passed to plaintiff by purchase from Pennington.

Manifestly one vital question is: Was this timber the property of defendant at that time?

The timber deed from Pennington to defendant, Allison Lumber Company, was executed in 1910, prior to the statute of 1919, defining the effect of such deeds, now Code, §§ 6956 to 6959. It was governed by the law as written in the much-discussed case of Zimmerman Mfg. Co. v. Daffin, 149 Ala. 380, 42 So. 858, 9 L. R. A. (N. S.) 663, 123 Am. St. Rep. 58.

The deed in question contained apt words of conveyance of the standing timber in fee simple with covenants of warranty, and with usual rights of way and privileges of removal. But it contained also the following express reverter clause: "It is hereby expressly agreed and understood that only the timber of said land is hereby conveyed, and after the space of ten (10) years, the land and privileges herein granted revert to the undersigned grantor."

Appellant conceives this is ineffectual as a defeasance clause, because it is limited to the "land and privileges herein granted."

The same clause recites that "only the timber of said land is hereby conveyed." Standing timber is part of the realty. That this was in the mind of the parties is evidenced by the fact that a deed duly acknowledged and recorded and in the form of conveyances of lands was executed.

The timber conveyed was the only "land" which could have been in mind in writing the reverter clause. It was effectual to render the estate granted a conditional or defeasible one and to revert the title to the timber not removed on the expiration of the ten-year period in 1920. Hitt Lumber Co. v. Cullman Coal & Coke Co., 200 Ala. 417, 76 So. 347; Murphy v. Schuster Springs Lumber Co., 215 Ala. 412, 111 So. 427; 38 C. J. 167, § 46, and notes.

Appellant insists that by the terms of the reverter clause the title reverted to Pennington and not to Dr. Robinson, the plaintiff, as the purchaser of the land from Pennington prior to 1920. Whether the ownership of the timber followed the ownership of the land would depend upon the terms of the conveyance from Pennington to Robinson. Sayer v. Brown, 119 Ga. 539, 46 S. E. 649:

While parol testimony of the purchase of the land from Pennington was quite freely introduced without objection, when the record of the deed was offered, it was rejected on objection of defendant because the original was not shown to be beyond the control of plaintiff. Proof of plaintiff's title was therefore insufficient.

But this was wholly immaterial. The purchaser of chattels who has received and retains them undisturbed under his purchase cannot set up an outstanding title in a third person to defeat an action for the price. Johnson v. Oehmig & Wiehl, 95 Ala. 189, 10 So. 430, 36 Am. St. Rep. 204.

Nor is it material that defendant, by the original contract, contemplated the purchase of logs to be cut solely from other lands, if such was the contract.

The sale was of logs to be delivered, scaled, and accepted on the railroad. If accepted or held after knowledge that they came from the Pennington lands, which fact is undisputed, defendant is due to pay for them. That they were held in the belief that title was in defendant makes no difference. Defendant was charged with knowledge of its want of title.

The only defense available to defendant under the facts was that the logs were its own property, and there was no estoppel against it. Walls v. Downing, 206 Ala. 201, 89 So. 503.

Since we find the logs were not defendant's property the plaintiff was entitled to recover —was due the affirmative charge. Any error in rulings not going to this controlling question was harmless, and need not be considered.

Affirmed.

SAYRE, THOMAS, and BROWN, JJ., concur.