I respectfully dissent.
In my judgment, the trial court did not err as a matter of law in awarding an attorney's fee in this action, although I believe the trial court did abuse its discretion in awarding an excessive amount.
A pertinent portion of the Jernigan analysis was omitted from the majority opinion:
 Similarly, an award, even though embodied in a decree of divorce, which is not in sufficiently final form so that it can be performed by the parties, is subject to the power of the court so that attorneys' fees may be awarded for services looking to its finalization.
Jernigan v. Jernigan, supra, at 181.
From the events which transpired after the rendition of the decree of divorce, it *Page 430 
appears to me that the award was "not in sufficiently final form" so that it could be performed by the parties.
Put another way, the trial court in the later proceedings was not merely enforcing the performance of an award which had already been finalized. The award was final only in reference to the percentage of the proceeds each party would receive upon the division and sale of the property. Jurisdiction was retained until a sales price could be obtained and the property sold.
The outcome of the proceedings for which the wife is now requesting an attorney's fee was a determination of the sales price and a sale of the property. This was more than enforcing a final order. The setting of a purchase price and ordering the property to be sold with a sum certain to be distributed to the wife was a finalization of the award initially set out in the decree of divorce.
Before the trial court acted, the record indicates the wife could not sell the property and thus could not determine the value of her seventy percent interest in the farm. In other words, this was not a self-executing agreement. Jernigan v.Jernigan, supra. The husband forced the wife to come into court to defend against his unfounded claim "to redeem" the property. The trial court judicially noted that prospective purchasers are hesitant to enter into agreements to buy land which might be involved in litigation.
The services of an attorney were necessary for the negotiations and court proceedings which eventually resulted in a determination of a sales price and the actual sale of the property. For this reason, I would allow the wife's attorney to be reasonably compensated for the services which led to the finalization of the award.
The majority opinion states that the wife was equitably estopped from claiming and receiving an attorney's fee. I disagree.
Estoppel is an affirmative defense which must be specially pleaded. Kimbrell v. City of Bessemer, 380 So.2d 838 (Ala. 1980); Rule 8 (c), A.R.C.P. The husband's pleadings in the instant action state that "an allowance of attorney's fee is inconsistent with and contradictory to the waiver of the [wife] in open court of a revision of the division of the proceeds. . . ." This allegation, unaccompanied by allegations that the husband relied on the wife's action, and, as a proximate result of such reliance suffered injury, is not sufficient to raise the issue of estoppel in the pleadings. Hendricks v. Blake,291 Ala. 575, 285 So.2d 82 (1973).
Furthermore, the husband failed to prove estoppel at the hearing on the attorney's fee. The three basic elements of equitable estoppel are:
 The actor, who usually must have knowledge of the true facts, communicates something in a misleading way, either by words, conduct or silence. The other relies upon that communication. And the other would be harmed materially if the actor is later permitted to assert any claim inconsistent with his earlier conduct.
Mazer v. Jackson Insurance Agency, supra, at 773, quoting
Dobbs, Remedies § 2.3 (1973).
The burden of proving estoppel rests upon the party invoking it. First National Bank of Montgomery v. United States,176 F. Supp. 768 (M.D.Ala. 1959), aff'd, 285 F.2d 123 (5th Cir. 1961); Walls v. Downing, 206 Ala. 201, 89 So. 503 (1921). The husband produced no evidence at the hearing on any of the elements of estoppel. Indeed, no testimony at all was offered on behalf of the husband. The only two witnesses at the hearing testified for the wife.
The husband's failure to properly plead and prove estoppel precludes him from prevailing on the issue of equitable estoppel on appeal. See Andrews v. John E. Smith Co.,369 So.2d 781 (Ala. 1979); Hendricks v. Blake, supra. In sum, the wife was not estopped from claiming and recovering an attorney's fee.
The husband in brief additionally contends that the learned trial judge abused his discretion in the amount of the attorney's fee.
In view of all the circumstances as indicated in the majority opinion and my dissent, *Page 431 
I agree. I place particular emphasis on the fact that a substantial fee had previously been awarded. It would appear, to me, that an additional fee of $15,000 would be appropriate.